■ LURA G. FISK, Respondent, v IRVING CAMPBELL et al., Appellants. (And a Related Proceeding.)—Mahoney, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered February 28, 1991 in Delaware County, upon a decision of the court in favor of plaintiff.

In this family dispute, plaintiff claims that she was the unwitting victim of a calculated scheme by defendants, her sister and brother-in-law, to divest her of title to her family's home in the Town of Bovina, Delaware County, in order to assume title in their own right. She seeks the imposition of a constructive trust. As presented, the facts establish that plaintiff never married and lived for most, if not all, of her adult life in the family home caring for her parents. Upon her father's death in 1971, she acquired title to the homestead by devise. While illness evidently prevented her from maintaining full-time employment, she was able, through income earned from odd jobs, her savings and a loan, to pay the real estate taxes on the property until 1975. However, she was unable to pay the real estate taxes as they came due in 1976.

While vehemently denied by defendants, plaintiff testified that during 1976 she confided in her older sister, defendant Martha Campbell (hereinafter Martha), about her financial straits, including her inability to pay the real estate taxes. While aware that she could lose the property due to nonpayment of taxes, plaintiff, acknowledged to be naive and a bit unworldly, testified that she trusted Martha, her sole confidante, who apparently told her on several occasions that she and her husband, defendant Irving Campbell (hereinafter Irving), would work things out so that she could keep her home. In response to plaintiff's suggestion that she seek outside help so as not to be a burden on her sister, Martha advised plaintiff that it was best to keep this matter in the family and counseled plaintiff not to seek outside help from the Department of Social Services, not to apply for early Social Security benefits and not to consult an attorney. Accordingly, plaintiff took no action to pay the tax arrears and thus redeem the property. Following expiration of the redemption period, the property was ultimately conveyed, by tax sale deed, to the County in October 1980.

In February 1981, Martha informed plaintiff that Irving had

purchased the property from the County.* Upon learning this, plaintiff indicated that she was relieved, having been advised by Martha in response to her inquiry that she could get title back upon paying Irving the past due taxes and, even notwithstanding payment, could continue to stay in the house.

Thereafter, Irving informed plaintiff that she would have to pay rent in the amount of $250 per month and ultimately, in 1987, commenced a summary eviction proceeding. During the pendency of that proceeding, plaintiff commenced the instant action against defendants alleging that their deception resulted in her losing her home. The matters were consolidated. Following a bench trial, Supreme Court concluded that plaintiff had established the requisite elements for imposition of a constructive trust, dismissed the eviction proceeding and ordered that Irving hold legal title to the property subject to a constructive trust in favor of plaintiff under which she would be able to remain there for life. Defendants appeal.

We affirm. While Supreme Court may have incorrectly stated the standard of proof in its decision, in our view the evidence credited by the court, which we find no reason to disturb, clearly and convincingly established the requisite elements to sustain a claim for the imposition of a constructive trust, i.e., (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see, Sharp v Kosmalski, 40 NY2d 119, 121; Booth v Booth, 178 AD2d 712). There can be little argument that the longstanding special trust and confidence plaintiff placed in Martha, accompanied by plaintiff's history of almost blindly relying on her sister's advice, resulted in Martha's occupying a position of great influence. Such is the sine qua non of a confidential relationship (see, e.g., Mendel v Hewitt, 161 AD2d 849; Dillon v Dean, 158 AD2d 579).

Likewise, it cannot be doubted that, as credited by Supreme Court, Martha's conduct, statements and assurances constituted bona fide promises and were the procuring cause of plaintiff's failure to redeem her property. In this regard, the statements made and actions taken by Martha went beyond the general comforting remarks often uttered by one family member to another in times of strife which were found to be insufficient to qualify as promises in Bankers Sec. Life Ins. Socy. v Shakerdge (49 NY2d 939). Here, Martha adopted an approach of systematic, active intervention, not only giving

---

* Irving purchased the property for $3,747, apparently the amount of the unpaid taxes.

plaintiff assurances that she and Irving would take care of the problem but affirmatively dissuading plaintiff from seeking any outside assistance. Plaintiff's reliance on defendants' trust is clear from her failure to take any action during the redemption period to arrange payment of the tax arrears, when she was aware of the ultimate consequences of nonpayment, and is perhaps most evident from the fact that she was "relieved" upon learning that Irving had purchased the property, secure in Martha's assurances that she could regain the property upon paying Irving the tax arrears.

We are unpersuaded by defendants' argument that because the property was purchased by Irving singularly and not jointly with Martha, in order to legitimately impose a constructive trust on this property plaintiff was required to establish the existence of a confidential relationship between plaintiff and *Irving*, not Martha, and the making of a promise directly by *Irving* to plaintiff in order to sustain her claim. Irving and Martha were clearly united in interest in this endeavor and the acquisition of the property in Irving's name only, when viewed in context with other evidence submitted, was clearly a subterfuge.

With regard to the transfer requirement, while concededly plaintiff did not directly transfer the property to Irving, her forbearance, inasmuch as it resulted in title vesting in the County, set in motion the events which ultimately led to Irving's acquisition. Such forbearance is sufficient, considering the flexibility inherent in the constructive trust remedy, to satisfy the transfer element in this situation *(see, e.g., Hornett v Leather,* 145 AD2d 814, 815, *lv denied* 74 NY2d 603). That defendants have been unjustly enriched is beyond cavil *(see, supra,* at 816).

The remaining arguments presented have been examined and found to be without merit. Plaintiff's action was timely commenced within the six-year limitations' period; the Statute of Limitations accrued when plaintiff was reportedly told that she would have to pay rent because only then was it apparent that defendants were not going to honor their prior promises *(see, Lyons v Quandt,* 91 AD2d 709, 710). As for defendants' invocation of the Statute of Frauds, it is axiomatic that the Statute of Frauds is not a defense to a cause of action for the imposition of a constructive trust *(see, Booth v Booth, supra).*

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.