■ In the Matter of JAMES WHITE, Respondent, v CITY OF MOUNT VERNON, Appellant. [633 NYS2d 369] —In a proceeding, *inter alia,* for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the City of Mount Vernon appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 15, 1994, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

The petitioner's vehicle was confiscated and towed by the City of Mount Vernon in January 1991 due to the petitioner's failure to pay parking tickets. The petitioner was unable to pay the fine, and his vehicle remained in a City storage garage. On December 29, 1992, the City dismissed the petitioner's parking tickets, allegedly due to a 1990 determination in an unrelated case that the parking summonses issued during the relevant time period were invalid. The petitioner alleged that he was never informed of the City's action until January 25, 1994, when he happened to make inquiries upon finding his vehicle still in the garage. The next day, he obtained a release for the vehicle from the City's parking violations bureau. On January 31, 1994, the petitioner filed a notice of claim with the City and, on February 3, 1994, he recovered the vehicle. The petitioner seeks damages for the loss of use of the vehicle for three years and for damage to the vehicle itself.

The petitioner commenced this proceeding in March 1994 for a determination as to whether the notice of claim filed on January 31, 1994, was timely, or, for permission to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). The court granted the application on the ground that the cause of action for conversion accrued on the date that the parking tickets were dismissed (December 29, 1992); and therefore, the application was timely made within one year and 90 days of that date (see, General Municipal Law § 50-e [5]; § 50-i). Moreover, the court held that the City was not prejudiced since it had notice of the relevant facts surrounding the claim. We disagree.

A cause of action for conversion requires a showing that the defendant exercised unauthorized dominion over the plaintiff's property to the exclusion of the plaintiff's rights (see, Della Pietra v State of New York, 125 AD2d 936, affd 71 NY2d 792). A cause of action for conversion accrues when the conversion takes place (see, Sporn v MCA Records, 58 NY2d 482, 487). If possession of the property is originally lawful, a conversion occurs when the defendant refuses to return the property after a demand or sooner disposes of the property (see, Bernstein v La Rue, 120 AD2d 476; Johnson v Gumer, 94 AD2d 955; Kamienska v County of Westchester, 39 Misc 2d 750, 755; 23 NY Jur 2d, Conversion and Action for Recovery of Chattel, § 62).

We conclude that the petitioner's application was untimely and should have been denied. Assuming, arguendo, that the parking tickets were invalid, the conversion occurred in 1991, when the City wrongfully obtained possession of the petitioner's vehicle, and the petitioner's application was made more than

one year and 90 days after the cause of action accrued. If, however, the City exercised lawful dominion over the vehicle until it dismissed the tickets on December 29, 1992, a cause of action for conversion would have accrued if the City thereafter refused the petitioner's demand for the return of the vehicle. The petitioner did not allege that the City refused to return the vehicle. In fact, the City agreed to release the vehicle the day after his demand. Accordingly, the petitioner has failed to establish that he has a cause of action for conversion which accrued after December 29, 1992.

Finally, the petitioner has not offered any theory other than conversion which would support his claim for damages. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.