■ New York State Dam Limited Partnership, Appellant, v Niagara Mohawk Power Corporation, Respondent. [634 NYS2d 830] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered June 10, 1994 in Warren County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, and (2) from an order of said court, entered December 9, 1994 in Warren County, which denied plaintiff's motion for reconsideration.

Adirondack Hydro Development Corporation (hereinafter Adirondack) and defendant entered into a power purchase agreement dated November 5, 1985 which required defendant to accept and pay for all of the electricity produced by a hydroelectric facility owned and operated by Adirondack. The agreement was assigned by Adirondack to plaintiff in 1989. At the time the agreement was executed, it was anticipated that the facility would have a seven-megawatt generating capacity; however, it was ultimately designed and built with a generating capacity of 10.3 megawatts. Plaintiff and defendant then executed two amendments to the original agreement, dated January 16, 1990 and March 30, 1990. Both amendments were, however, rejected by the Public Service Commission (hereinafter PSC) in February 1991.

The parties then negotiated a third amendment. Although plaintiff signed the third amendment in June 1991 and forwarded same to defendant on July 8, 1991 for signing, it was never executed by defendant or filed with the PSC (*see,* Public Service Law § 110 [4]). In determining the price to be paid by defendant, the third amendment used the 1990 "long run avoided cost" schedules (hereinafter LRACS) established by the PSC. In September 1991, however, the PSC, having decided that the 1990 LRACS were glaringly overestimated, withdrew them as a basis for pricing power purchase agreements (*see generally, Matter of Xiox Corp. v Public Serv. Commn.,* 190 AD2d 350, *appeal dismissed, lv denied* 82 NY2d 790). The PSC's order, dated September 18, 1991, stated that the 1990 LRACS would not apply to any agreements that were being negotiated and would only continue to apply to "fully executed contract[s] filed" with the PSC as of that date. According to plaintiff, it did not learn that the third amendment had never been executed or filed until December 1992. When defen-

dant refused to pay the rate outlined in the third amendment, plaintiff commenced this action in March 1994 alleging, *inter alia*, that the third amendment was a valid and binding agreement and that defendant breached both it and the original agreement.

Prior to commencing the instant action, plaintiff, in March 1993, along with 16 other owners of hydroelectric generating facilities, commenced a separate action against defendant for, *inter alia*, breach of contract, contending that defendant was required to purchase all of the facilities' total electric output (*see, Philadelphia Corp. v Niagara Mohawk Power Corp.*, 207 AD2d 176) (hereinafter *Philadelphia*). With respect to plaintiff's claim against defendant in that action, the complaint alleged that on "November 5, 1985, [defendant] entered into a 40 year contract with [Adirondack], *amended on July 8, 1991*, which acquired the right to own and operate" the hydroelectric plant at issue in this case (emphasis supplied). In *Philadelphia*, defendant initially moved to dismiss the action. After the plaintiffs cross-moved for summary judgment, however, defendant requested that its motion to dismiss be treated as one for summary judgment and contended, *inter alia*, that it was entitled to summary judgment on the effectiveness of the third amendment. Although the trial court in *Philadelphia* denied defendant's request, this Court ruled that defendant was entitled to partial summary judgment dismissing the complaint against it "to the extent that it seeks relief relative to the proposed third amendment" (*supra*, at 180).

Prior to this Court's decision in *Philadelphia (supra)*, but after the trial court's decision in that case, defendant moved to dismiss the complaint in the instant action arguing, *inter alia*, that there was another action pending involving the same issues (i.e., the *Philadelphia* action) and that, in any event, the complaint failed to state a cause of action. Supreme Court granted the motion on the merits. Plaintiff moved for renewal and reargument alleging, *inter alia*, that it possessed newly discovered evidence regarding the third amendment. Supreme Court denied the motion. Plaintiff appeals from both orders.

We affirm. In our view, this Court's decision in *Philadelphia (supra)* precludes plaintiff, under the doctrine of collateral estoppel, from relitigating the issue of whether the third amendment is valid. The essential underpinning for the present action (i.e., that the third amendment is valid and defendant is bound by it) is the same issue that was presented,

considered and resolved by this Court in the *Philadelphia* action.\*

For the doctrine of collateral estoppel to apply, two requirements must be satisfied. The party seeking the benefit of the doctrine must prove that the identical issue was decided in the prior action and is decisive in the current action, and that the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior determination (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *see also, Hamm v Slavin*, 215 AD2d 896). In the instant case, defendant has carried its burden of proof. In the *Philadelphia* case, the complaint specifically referred to the November 5, 1985 agreement between plaintiff and defendant as "amended on July 8, 1991". The latter date was the date that the third amendment was transmitted to defendant for signing. In addition, in the cross motion for summary judgment made by the plaintiffs in the *Philadelphia* action, it was specifically contended that all the "contracts are clear and unambiguous with regard to defendant's obligation to purchase all of the electricity produced at each facility at the *prices specified in the contracts*" (emphasis supplied). In turn, in defendant's request to have its motion to dismiss treated as one for summary judgment, defendant argued that the third amendment is a nullity and ineffective because defendant neither signed the amendment nor was it filed with the PSC. Under these circumstances, we find that the validity of the third amendment was clearly at issue in the *Philadelphia* action. Furthermore, on appeal to this Court in *Philadelphia,* defendant unequivocally argued that summary judgment should have been granted in its favor on this point. Notably, this Court granted the requested relief and modified the trial court's order accordingly.

There is also no question that plaintiff, as a party in the *Philadelphia* action, was given a full and fair opportunity to litigate the question of the third amendment's validity. The fact that a party may not have put forth all of its proof on an issue in the prior action does not require that the party be given a second opportunity to do so (*see, Wheeler v Village of Saugerties*, 216 AD2d 733). Here, the plaintiffs in *Philadelphia, supra,* did not submit any opposition papers to defendant's motion for summary judgment. Nevertheless, they had the opportunity and right to do so. In addition, on appeal to this Court in *Philadelphia*, the plaintiffs specifically argued the

---

\* We note that this Court may take judicial notice of its own records (*see, Matter of Bracken v Axelrod*, 93 AD2d 913, *lv denied* 59 NY2d 606).

substantive issue of the validity of the third amendment. Although plaintiff now includes additional arguments to support its claim that the third amendment is an enforceable agreement, these could have been raised in the *Philadelphia* action. Although the *Philadelphia* action raised other issues, it is clear that the precise question at issue in this case (i.e., the validity of the third amendment) was squarely presented in that case and decided adversely against plaintiff. As we specifically noted, "[p]laintiffs have not contested defendant's evidentiary showing that the proposed [third] amendment was never fully executed or filed with the [PSC]" (*Philadelphia Corp. v Niagara Mohawk Power Corp.*, 207 AD2d 176, 180, *supra*). This Court's decision in *Philadelphia* clearly stands for the proposition that the third amendment is not an enforceable or valid agreement between the parties.

Turning to plaintiff's motion for renewal or reargument, we find that Supreme Court properly refused to overturn its first determination. Plaintiff's remaining contentions and arguments in support of reversal have been considered and rejected as unpersuasive.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.