■ In the Matter of JEAN R. DESIR, Respondent, v JOSEPH SPANO, as President of the Westchester County Correction Officers Benevolent Association, et al., Appellants. [687 NYS2d 411]
—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Joseph Spano, as President of the Westchester County Correction Officers Benevolent Association, dated July 29, 1997, implementing a dues increase upon a vote of the members thereof, Joseph Spano and the Westchester County Correction Officers Benevolent Association appeal from (1) a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated December 16, 1997, which granted the petition and annulled the determination, and (2) an order of the same court, entered February 2, 1998, which denied their motion for reargument.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

"The constitution and by-laws of an unincorporated association express the terms of a contract which define the privileges secured and the duties assumed by those who have become members" (*Polin v Kaplan,* 257 NY 277, 281; *see also, Matter of Willard Alexander, Inc. [Glasser],* 31 NY2d 270, 273, *cert denied* 410 US 983; *O'Keefe v Local 463,* 277 NY 300, 304; *Ballas v McKiernan,* 41 AD2d 131, *affd* 35 NY2d 14, *cert denied* 419 US

1034; *Fritsch v Rarback,* 199 Misc 356, 359). Contract interpretation is the province of the court, and an unambiguous contract is to be interpreted in accordance with its clear language so as to effectuate the intent of the parties (*see, Snug Harbor Sq. Venture v Never Home Laundry,* 252 AD2d 520; *Matter of Macrae v Dolce,* 249 AD2d 476; *Aviv Knitwear Corp. v Greiner Maltz Co.,* 246 AD2d 565).

The relevant provision of the by-laws of the Westchester County Correction Officers Benevolent Association (hereinafter COBA) expressly and unambiguously requires a "two-thirds (2/3) vote of the membership", for passage of any amendment increasing the dues paid by members. The appellants failed to proffer any evidence that the above provision may be reasonably interpreted to sanction a dues increase on anything less than an affirmative vote of two-thirds of the full membership. Accordingly, the dues increase approved by 402 of the alleged 777 dues-paying COBA members on or about July 24, 1997, was not passed by the requisite two-thirds vote, and was properly annulled by the Supreme Court. S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.