■ TeeVee Toons, Inc., et al., Appellants, v Prudential Securities Credit Corp., L.L.C., Respondent. [778 NYS2d 274]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about October 15, 2003, which, to the extent appealed from as limited by the briefs, dismissed the entire complaint except for that part of the sixth cause of action alleging breach of contract for refusing or delaying the release of funds, unanimously affirmed, without costs.

The breach of contract alleged in the first cause of action was properly dismissed, since the transaction documents unambiguously called for the cancellation of the backup manager provision upon the termination of the management agreement. Moreover, the third cause of action, for breach of implied duty of good faith and fair dealing, was redundant (see Canstar v Jones Constr. Co., 212 AD2d 452 [1995]). As to that part of the sixth cause of action alleging conversion, there was no allegation that defendant had refused plaintiffs' demand for return of money allegedly owed them from the cash collateral account (see Matter of White v City of Mount Vernon, 221 AD2d 345 [1995]). Inasmuch as the allegations of fraud and estoppel/waiver, in the fourth and fifth causes of action, were asserted unsuccessfully in the contemporaneous foreclosure action, plaintiffs are precluded from reasserting those issues herein, under the doctrine of collateral estoppel (Allied Chem. v Niagara Mohawk

*Power Corp.*, 72 NY2d 271 [1988], *cert denied* 488 US 1005 [1989]; *see also New York State Dam Ltd. Partnership v Niagara Mohawk Power Corp.*, 222 AD2d 792, 794 [1995], *lv dismissed and denied* 87 NY2d 1041 [1996]). Concur—Tom, J.P., Sullivan, Williams, Lerner and Gonzalez, JJ.