■ CHATEAU RIVE CORP., Respondent-Appellant, v ENCLAVE DEVELOPMENT ASSOCIATES, Appellant-Respondent. [802 NYS2d 622]—In an action, inter alia, for a judgment declaring that the defendant is obligated to construct a road connecting the plaintiff's property to a public highway, to compel specific performance of a covenant requiring the defendant to construct the road, and to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 14, 2003, as, upon renewal, adhered to a prior determination in an order entered June 24, 1998, granting those branches of the plaintiff's motion which were for summary judgment on its cause of action for declaratory relief and on the issue of liability on its cause of action to recover damages for breach of contract, and, in effect, denied that branch of its motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the order entered February 14, 2003, as, upon renewal, denied that branch of its motion which was for summary judgment on its cause of action to compel specific performance.

Motion by the respondent-appellant on an appeal from an order of the Supreme Court, Westchester County, entered February 14, 2003, to enlarge the joint record on appeal by adding thereto certain documents which were part of the record on appeal in a related action entitled *Riverview Partners v City of Peekskill* (273 AD2d 455 [2000]). Cross motion by the appellant-respondent for this Court to take judicial notice of the record on appeal in *Riverview Partners v City of Peekskill,* and of certain other documents or, in the event the Court declines to take judicial notice, striking the references to the subject material in the brief of the respondent-appellant, including pages 17 and 22 thereof. By decision and order on motion of this Court dated February 17, 2004, the motion and cross motion were held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and cross motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is granted; and it is further,

Ordered that the branch of the cross motion which is for this Court to take judicial notice of the record on appeal in *Riverview Partners v City of Peekskill* is granted, for the limited purpose of ascertaining the relevant chronology of events and the stated positions of municipal and state officials with respect to the issues raised on that appeal in accordance herewith; and it is further,

Ordered that the branch of the cross motion which is to strike those portions of the brief of the respondent-appellant which refer to the record on appeal in *Riverview Partners v City of Peekskill* is denied as academic.

"In New York, courts may take judicial notice of a record in the same court of either the pending matter or of some other action" (*Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp.,* 100 AD2d 901, 903 [1984], *affd* 64 NY2d 1107 [1985]; *see Matter of Allen v Strough,* 301 AD2d 11, 18 [2002]; *Matter of Currier [Woodlawn Cemetery],* 300 NY 162, 170 [1949]; *Matter of Ordway,* 196 NY 95 [1909]; *Matter of Wesley R.,* 307 AD2d 360 [2003]; *New York State Dam Ltd. Partnership v Niagara Mohawk Power Corp.,* 222 AD2d 792 [1995]; *Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 158 n 3 [1983]; *Rossbach v Rosenblum,* 260 App Div 206 [1940], *affd* 284 NY 745 [1940]; Prince, Richardson on Evidence § 30, at 18 [10th ed]).

Because the issues raised in the related appeal involved the nature and regulation of the same parcels of land in dispute in the instant appeal and cross appeal, we exercise our discretion in this matter and enlarge the joint record by taking judicial notice of the recorded deeds, maps, and site plans referable to those parcels, which, as public documents, evince indicia of authenticity and reliability (*see Brandes Meat Corp. v Cromer,* 146 AD2d 666, 667 [1989]). In addition, we take judicial notice of the remainder of the record on appeal in the related action to the extent it provides a chronology of events relating to applications for development and governmental regulation of the parcels, and the stated positions of relevant governmental officials (*cf. Matter of Allen v Strough, supra*). Schmidt, J.P., Santucci, Rivera and Lifson, JJ., concur.