■ LINDA SALATINO, Appellant, v PATRICK SALATINO, Respondent. (And Another Related Proceeding.) [881 NYS2d 721]—

McCarthy, J. Appeals (1) from an order of the Supreme Court (Work, J.), entered October 16, 2007 in Ulster County, among other things, upon a decision of the court in favor of defendant, and (2) from an order of said court, entered August 27, 2008 in

Ulster County, which, upon reconsideration, directed plaintiff to provide an accounting of the rents and profits from certain real property.

This action stems from plaintiff's claim that her parents—defendant and her deceased mother, Rose Salatino (hereinafter decedent)—promised her that she would eventually receive their respective interests in two pieces of property they owned as tenants by the entirety. One of the properties, located in Kings County, was the marital residence for many years and now consists of three rental units. The other property, located in Ulster County, was essentially a second home for the family but ultimately became defendant's permanent home. According to plaintiff, sometime in the late 1980s, her parents orally promised to give her a one-half interest in both properties upon the death of the first parent and the remaining one-half interest upon the death of the second. As a result of this promise, according to plaintiff, she eventually became the sole manager of the Kings County rental property.* It is undisputed that she never turned over any portion of the rental income to defendant after decedent's death nor did defendant ever ask for any portion of the rental proceeds.

In 2001, defendant attempted to sell the Kings County property. Plaintiff then commenced this action seeking, as now relevant, the imposition of a constructive trust against both properties and to quiet title to both properties. Defendant eventually asserted a counterclaim seeking entitlement to an accounting for plaintiff's conversion and retention of the rental income from the Kings County property. Following a nonjury trial, and pursuant to two separate decisions, Supreme Court dismissed all of plaintiff's causes of action and ordered that she account for the rent collected from the Kings County property. These appeals ensued.

We first find that the constructive trust causes of action were properly dismissed. "The elements of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment" (*Cinquemani v Lazio*, 37 AD3d 882, 882 [2007] [citations omitted]). At trial, plaintiff testified about the alleged promise made to her by defendant concerning both properties. Defendant, however, unequivocally denied any such promise. In short, he denied that he ever

---

* As between defendant and decedent, there is no dispute that, prior to her death in 1999, decedent handled all the finances in the marriage (defendant cannot read or write) and also managed the rental portion of the Kings County property. There is also no dispute that, after decedent's death, plaintiff took over management of the Kings County property.

promised to give plaintiff a one-half interest in either of these properties if decedent died before him and the remaining one-half interest at his death. Critically, Supreme Court did not find plaintiff "to be credible"—specifically noting that "[i]t begins to appear th[at plaintiff] is making it up as she goes along"—and did find defendant's testimony to be "clear and credible."

Based on this assessment of witness credibility, Supreme Court found "no evidence of a promise by either parent to convey real property to . . . plaintiff" for the purpose of imposing a constructive trust. According due deference to this credibility determination and upon our independent review of the record (*see id.* at 883; *see generally Bush v State of New York*, 57 AD3d 1066, 1066 [2008]), we find no basis to disturb dismissal of the constructive trust causes of action since the element of a promise was clearly lacking (*see Scivoletti v Marsala*, 61 NY2d 806, 808 [1984]; *Kellerman v Kellerman*, 187 AD2d 906, 908 [1992]; *compare Koslowski v Koslowski*, 297 AD2d 784, 785 [2002]; *Fisk v Campbell*, 180 AD2d 987, 988 [1992]; *Hornett v Leather*, 145 AD2d 814, 815 [1988], *lv denied* 74 NY2d 603 [1989]; *Palazzo v Palazzo*, 121 AD2d 261, 263 [1986]).

We likewise uphold dismissal of the causes of action seeking to quiet title to both properties. It is undisputed that defendant and decedent held title to the Kings County and Ulster County properties as tenants by the entirety. This, therefore, "confer[ed] on [defendant] a right to absolute ownership of the propert[ies] upon [decedent's] death" (*V.R.W., Inc. v Klein*, 68 NY2d 560, 564 [1986]).

Next, we find that defendant failed to prove that plaintiff converted the rental income from the Kings County property. "Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights" (*State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259 [2002] [internal quotation marks and citation omitted]; *see e.g. Miller v Marchuska*, 31 AD3d 949, 950 [2006]). Where, as here, "the property is money, it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner" (*Key Bank of N.Y. v Grossi*, 227 AD2d 841, 843 [1996]). Further, where possession of property is initially lawful, conversion occurs when there is a refusal to return the property upon demand (*see e.g. MacDonnell v Buffalo Loan, Trust & Safe Deposit Co.*, 193 NY 92, 101 [1908]; *Matter of Rausman*, 50 AD3d 909, 910 [2008]; *TeeVee Toons, Inc. v Prudential Sec. Credit Corp., L.L.C.*, 8 AD3d 134, 134 [2004]; *Feld v Feld*, 279 AD2d 393, 394 [2001], *lv denied* 96 NY2d 717 [2001]; *Matter of White v City of Mount*

*Vernon*, 221 AD2d 345, 346 [1995]). Here, the record reveals that plaintiff lawfully retained the rental proceeds following the death of decedent pursuant to an express or, at the very least, implied agreement between her and defendant and that defendant thereafter never demanded that she turn over any portion of these funds to him or requested an accounting (*compare Palazzo v Palazzo*, 121 AD2d at 265). Thus, we find that he failed to prove his conversion claim.

Plaintiff testified that, after decedent's death, she solely managed the Kings County property and kept all net rental proceeds with full knowledge and express permission by defendant. While defendant denied giving her express permission to keep the net rental proceeds, he clearly testified that he knew that she was solely managing the property since decedent took ill and that she was keeping the rental money. He further clearly testified that he never asked her for any portion of these funds—because "the money didn't mean that much to [him]"—and that he never requested an accounting.

To this end, we note that defendant tacitly admits that plaintiff initially had permission to retain the rental income following decedent's death. He argues, however, that this permission "was withdrawn" and that the requisite "demand" was made in 2001, when he attempted to regain control of the property to sell it. We are unpersuaded. While defendant's attempt to sell this property in 2001 was clearly indicative of his belief that he was its sole owner, it did not constitute a withdrawal of his previous permission for her to manage the property and retain the rents or constitute a demand for rents, particularly in light of his clear and unequivocal testimony that he never objected to her managing the property or retaining the rents and that he never made a demand for rents or an accounting.

All remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Rose, Kane and Garry, JJ., concur. Ordered that the order entered October 16, 2007 is affirmed, without costs. Ordered that the order entered August 27, 2008 is modified, on the law, without costs, by reversing so much thereof as ordered an accounting for rents and profits of the Kings County property, and, as so modified, affirmed.