*Ash v. Richards*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand fourteen.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,

      *Circuit Judges.*

_____

ALLAN A. ASH,

      *Plaintiff-Appellant*,

   -v.-            No. 13-3736-cv

GEOFFREY A. RICHARDS,

      *Defendant-Appellee.*

_____

      JUDD BURSTEIN, Judd Burstein, P.C., New York, NY, *for Plaintiff-Appellant.*

      STEVEN SCHINDLER (Emily Alexandra Poler, Esq., *on the brief*), Schindler Cohen & Hochman LLP, New York, NY, *for Defendant-Appellee.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the September 12, 2013, judgment and order of the District Court is **VACATED** and the case is **REMANDED**.

Plaintiff-Appellant, Allan A. Ash ("Ash") appeals from a September 12, 2013, judgment and order of the United States District Court for the Southern District of New York (Crotty, *J.*) granting Defendant-Appellee Geoffrey A. Richards's ("Richards") motion to dismiss for lack of personal jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

"We review a district court's dismissal of an action for want of personal jurisdiction *de novo*, construing all pleadings and affidavits in the light most favorable to the plaintiff and resolving all doubts in the plaintiff's favor." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). Here, the district court did not hold an evidentiary hearing, but rather made its determination on the basis of the pleadings and affidavits. In such a case, "[i]n order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006) (italics added); *see also Cutco Indus. Inc. v. Naughton*, 806 F.2d 361, 364-65 (2d Cir. 1986) ("If the court chooses to rely on pleadings and affidavits," as here, "the plaintiff need only make a *prima facie* showing of personal jurisdiction over [the] defendant. But if the court holds an evidentiary hearing . . . the plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence." (citation omitted)). This showing entails making "legally sufficient allegations of jurisdiction," including "an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam) (internal quotation marks omitted).

Because this is a diversity action, we resolve the question of personal jurisdiction with reference to New York law, the forum in which the district court sits. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).[1]

Ash argues that the district court erred in concluding that it could not exercise personal jurisdiction over Richards pursuant to N.Y. C.P.L.R. § 302(a)(2), which provides for jurisdiction over any non-domiciliary where he "commits a tortious act within the state." Here, Ash alleged that Richards committed the tort of conversion when he refused to return Ash's money on demand.

New York courts have explained that "[a] cause of action for conversion accrues when the conversion takes place. If possession of the property is originally lawful, a conversion occurs when the defendant refuses to return the property after a demand or sooner disposes of the property." *White v. City of Mt. Vernon*, 633 N.Y.S.2d 369, 370 (App. Div. 2d Dep't 1995) ( citation omitted); *see also Salatino v. Salatino*, 881 N.Y.S.2d 721, 723 (App. Div. 3d Dep't 2009) ("[W]here possession of property is initially lawful, conversion occurs when there is a refusal to return the property upon demand."). While Ash alleged that he demanded that Richards return his property over the telephone, while Richards was in Chicago, Ash's complaint and supporting affidavit maintain that Richards initially refused to return Ash's property while Richards was in New York. In the absence of an evidentiary hearing, we construe "all pleadings and affidavits in the light most favorable to the plaintiff and resolving all doubts in the plaintiff's favor." *Penguin Grp. (USA) Inc.*,

---

[1] The parties agree that there is no basis for general jurisdiction, and that if jurisdiction exists it is premised on New York's long arm statute, N.Y. C.P.L.R. § 302(a)(1), (2), and (3).

3

609 F.3d at 34.  We find, therefore, that Ash has met his burden of making a *prima facie* showing of jurisdiction.[2]  Accordingly, we vacate the district court's September 12, 2013, judgment.

We have reviewed Ash's remaining arguments and find them to be without merit.  For the foregoing reasons, the September 12, 2013, judgment of the District Court is **VACATED** and the case is **REMANDED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] The district court determined that N.Y. C.P.L.R. §§ 302(a)(1) and (3) do not provide for jurisdiction in this case.  Because it is unnecessary to our determination to vacate, we need not and do not discuss these alternative bases for jurisdiction further.