*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521421
_____

EAST SCHODACK FIRE COMPANY,
    INC.,
                    Respondent,

        v                                MEMORANDUM AND ORDER

MELISSA MILKEWICZ et al.,
                    Appellants.
_____


Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

                    _____


        Joshua A. Sabo, Troy, for appellants.

        Maney, McConville, Liccardi & Powis, PC, East Greenbush
(Rodney C. Powis of counsel), for respondent.

                    _____


Peters, P.J.

        Appeal from an order and judgment of the Supreme Court
(Zwack, J.), entered September 22, 2014 in Rensselaer County,
which, among other things, granted plaintiff's cross motion for
summary judgment.

        Defendant East Schodack Fire Company Auxiliary (hereinafter
the Auxiliary) is an unincorporated association formed by
plaintiff in 1959.  Since its inception, the Auxiliary's primary
function has been to raise funds.  In 2010, plaintiff discovered
that the Auxiliary had withdrawn $9,300 from the Auxiliary bank
account, which was held under plaintiff's name and federal
identification number, and had deposited the funds into a
different bank account held under its own federal identification
number.  After unsuccessfully seeking a return of the funds,

plaintiff commenced this action sounding in conversion and breach of fiduciary duty against the Auxiliary and three of its officers. Defendants answered and interposed a counterclaim seeking a judgment declaring that all remaining funds of the Auxiliary may be donated to a nonprofit charitable organization of their choice. Thereafter, defendants moved for summary judgment dismissing the complaint, judgment in their favor on the counterclaim and an order precluding plaintiff from offering any evidence on the motion or at trial that had not been produced in response to their discovery requests. Plaintiff opposed defendant's motion and cross-moved for summary judgment. Supreme Court denied defendants' motion, granted plaintiff's cross motion and awarded plaintiff $9,300 in damages, for which defendants were held jointly and severally liable. This appeal by defendants ensued.

Supreme Court erred in awarding summary judgment in plaintiff's favor. "Conversion is any unauthorized exercise of dominion or control over someone else's property that interferes with and is in defiance of the superior possessory right of the owner or another person" (Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1263 [2015] [internal quotation marks and citation omitted]; see Thyroff v Nationwide Mut. Ins. Co., 8 NY3d 283, 288-289 [2007]; State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002]). Where the property alleged to have been converted is money, "it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner" (Salatino v Salatino, 64 AD3d 923, 925 [2009], lv denied 13 NY3d 710 [2009] [internal quotation marks and citation omitted]; see Lemle v Lemle, 92 AD3d 494, 497 [2012]; Key Bank of N.Y. v Grossi, 227 AD2d 841, 843 [1996]). Accordingly, "conversion occurs when funds designated for a particular purpose are used for an unauthorized purpose" (Lemle v Lemle, 92 AD3d at 497; see Hoffman v Unterberg, 9 AD3d 386, 388 [2004]; Meese v Miller, 79 AD2d 237, 243 [1981]). To succeed on a claim for breach of fiduciary duty, plaintiff was required to prove the existence of a fiduciary relationship, misconduct by defendants and damages that were directly caused by defendants' misconduct (see Pokoik v Pokoik, 115 AD3d 428, 429 [2014]; Armentano v Paraco Gas Corp., 90 AD3d 683, 684-685 [2011]; McGuire v Huntress, 83 AD3d 1418, 1420 [2011], lv denied 85 AD3d

1657 [2011]).  A fiduciary relationship arises between two persons or entities "when one of them is under a duty to act for . . . the benefit of another upon matters within the scope of the relation" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005] [internal quotation marks and citation omitted]; accord Roni LLC v Arfa, 18 NY3d 846, 848 [2011]; Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 62 [2013]).

Here, the parties' submissions on the summary judgment motions leave unresolved factual issues as to both the nature of the relationship between the Auxiliary and plaintiff and whether the funds at issue were raised exclusively for plaintiff's benefit.  Michael Buckbee, a current member of plaintiff who has served in various ranks within the company over the course of the previous 40 years, averred that the Auxiliary was created "as a subsidiary of the fire company, not as their own organization," and that its sole purpose was to raise funds for – and otherwise provide support to – plaintiff.  To that end, Buckbee asserted that the Auxiliary receives all of its support, structure and members from its association with plaintiff, that its activities are insured by plaintiff and that Auxiliary members were permitted the use of plaintiff's premises.  Plaintiff also proffered affidavits from two former presidents of the Auxiliary, both of whom affirmed that the funds raised by the Auxiliary were for the sole benefit of plaintiff.  To further buttress this point, plaintiff submitted a copy of the Auxiliary's 2008 calendar, which contains a logo of a ladder and a fire hydrant surrounding its name and states "thank you for your support."

This account of the interplay between plaintiff and the Auxiliary was disputed by defendants Melissa Milkewicz, Cindy Miller and Jean Schweigert, all of whom remain active members of the Auxiliary and had, at various times, served as its president. Each denied that plaintiff and the Auxiliary were one and the same, claiming instead that the Auxiliary has always been a separate and distinct entity with its own bylaws.  Notably, a document represented to be the Auxiliary's current bylaws expressly provides that "[t]he purpose of the Auxiliary shall be to assist [plaintiff] and the community" (emphasis added). Schweigert averred that, since its inception, the Auxiliary's bylaws have always described its purpose as such and that the

Auxiliary does, in fact, serve this dual function. To that end, Milkewicz, Miller and Schweigert each attested that, although the Auxiliary generally worked closely with and raised money for plaintiff, it was also involved in activities that benefitted the greater community – such as organizing holiday parties for the children in the community as well as an annual event that benefitted an unrelated association, and providing financial assistance to a home for retired firefighters. The affidavits further established that Auxiliary funds were never commingled with plaintiff's funds and that, despite being listed under plaintiff's name and federal identification number, the Auxiliary account and the funds therein were only accessible by members of the Auxiliary. In view of the conflicting evidence and the credibility issues raised by the various affidavits submitted on the motions, resolution of plaintiff's claims must await trial (see Fitzpatrick House III, LLC v Neighborhood Youth & Family Servs, 55 AD3d 664, 665 [2008]; Heller v Hicks Nurseries, 198 AD2d 330, 330 [1993]; see also Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 102 AD3d 1033, 1037 [2013]).

In light of, among other things, the procedural posture of this case and the lack of a complete copy of the Auxiliary's bylaws in the record, a determination cannot be rendered as to whether the Auxiliary may lawfully use a portion of the funds at issue to pay for the counsel fees incurred by defendants in this litigation (see generally Polin v Kaplan, 257 NY 277, 281 [1931]; Craine v NYSARC, Inc., 88 AD3d 1105, 1108 [2011]; Matter of Desir v Spano, 259 AD2d 749, 749-750 [1999]). Nor are we persuaded that Supreme Court abused its discretion in denying defendants' application to exclude from evidence a document that was not timely produced in response to their discovery requests. Defendants have failed to show that plaintiff's belated response to their discovery demands was a result of any willful noncompliance or bad faith,[1] or that any prejudice has inured to them as a result of the delay (see Mary Imogene Bassett Hosp. v Cannon Design, Inc., 97 AD3d 1030, 1033 [2012]; Pangea Farm, Inc. v Sack, 51 AD3d 1352, 1354 [2008]). The parties' remaining

_____

[1] Not insignificantly, the record reflects that there were ongoing efforts to settle this action during such time.

contentions, to the extent that they are properly before us, are lacking in merit.

Garry, Rose, Clark and Aarons, JJ., concur.


ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for summary judgment and awarded damages thereon; cross motion denied; and, as so modified, affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court