Stegemann v State of New York (2018 NY Slip Op 05383)





Stegemann v State of New York


2018 NY Slip Op 05383


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

524483

[*1]JOSHUA G. STEGEMANN, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


Joshua G. Stegemann, Berlin, New Hampshire, appellant
pro se.
Barbara D. Underwood, Attorney General, Albany (Jonathan Hitsous of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Court of Claims (Hard, J.), entered January 17, 2017, which, among other things, granted defendant's cross motion for summary judgment dismissing the claim.
In 2013, various law enforcement officers from New York and Massachusetts executed two search warrants at claimant's residence where they seized a large quantity of contraband. After unsuccessfully challenging that search, claimant was ultimately convicted of federal drug trafficking and firearm offenses and sentenced to 30 years in prison. That conviction was affirmed (see United States v Stegemann, 701 Fed Appx 35, 40 [2d Cir 2017], cert denied ___ US ___, 138 S Ct 412 [2017]).
After receiving permission to file a late claim sounding in conversion, trespass and destruction of property, claimant
commenced this pro se action in the Court of Claims seeking compensation for the damage caused to his property during the execution of the search warrants [FN1]. Following joinder of issue, [*2]each party moved for summary judgment. The Court of Claims denied claimant's motion, granted defendant's cross motion and dismissed the claim. Claimant appeals.
The portions of the claim sounding in conversion and trespass were properly dismissed. To succeed on either theory, claimant would need to demonstrate that law enforcement acted without authority when it searched his residence and the surrounding property (see East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1256 [2016]; State of New York v Johnson, 45 AD3d 1016, 1019 [2007]). To that end, claimant argues that the search in question was illegal. This position contradicts the Federal District Court's ruling in claimant's criminal case denying his motion to suppress evidence acquired during that search and would, therefore, "necessarily imply the invalidity of [the federal] conviction" grounded in that evidence (Heck v Humphrey, 512 US 477, 487 [1994]; accord Stegemann v Rensselaer County Sheriff's Off., 155 AD3d 1455, 1458 [2017]; cf. Britt v Legal Aid Socy., 95 NY2d 443, 447-448 [2000]).
The Court of Claims also properly dismissed claimant's negligent destruction of property claim. Specifically, claimant alleged that, over the course of their three-day search, law enforcement officers "flagrantly exceeded the scope of the warrant, excavating the grounds" and destroying "[t]he interior of the residence" by tearing down ceilings and walls. Initially, this claim, unlike claimant's trespass and conversion claims, does not turn upon the validity of the search itself, as even an otherwise lawful search can be conducted negligently (cf. United States v Ramirez, 523 US 65, 71 [1998]; Heck v Humphrey, 512 US
at 487 n 7; Stegemann v Rensselaer County Sheriff's Off., 155 AD3d at 1458-1459). Nevertheless, defendant satisfied its prima facie burden on its cross motion for summary judgment by proffering the search warrants and the affidavit of an investigator involved with the search (see generally Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]). Taken together, these documents demonstrate that law enforcement officers had the authority to search claimant's residence, to "utilize excavation equipment to check areas underground" and reason to believe that claimant was hiding contraband inside the walls of his residence and underground in certain landscape features surrounding the residence. In opposition to defendant's cross motion, claimant failed to raise a triable issue of fact regarding whether law enforcement officers negligently destroyed his property during their search of these areas (cf. United States v Ramirez, 523 US at 71-72; Dalia v United States, 441 US 238, 258 [1979]; United States v Mendoza, 817 F3d 695, 703 [10th Cir 2016]; Stegemann v Rensselaer County Sheriff's Off., 155 AD3d at 1459).
We have reviewed claimant's remaining contentions and similarly find them to be without merit. Accordingly, the Court of Claims properly granted defendant's cross motion for summary judgment.
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Claimant also commenced actions seeking similar relief in Supreme Court and Federal District Court. This Court ultimately affirmed the dismissal of the Supreme Court action (Stegemann v Rensselaer County Sheriff's Off., 155 AD3d 1455, 1459 [2017]).