Core Dev. Group LLC v Spaho (2021 NY Slip Op 06077)





Core Dev. Group LLC v Spaho


2021 NY Slip Op 06077


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Index No. 152584/19, 651478/19 Appeal No. 14400-14401 Case No. 2020-04858, 2020-04859 

[*1]Core Development Group LLC, Plaintiff-Appellant,
v
Besnick Spaho et al., Defendants-Respondents.
Core Development Group LLC, Plaintiff-Appellant,
v
Nick Spaho et al., Defendants-Respondents, Core Management NY, LLC, Defendant.


Mott Zezula LLC, New York (Nathan C. Zezula of counsel), for appellant.
SDK Heiberber, LLP, New York (Jacqueline Handel-Harbour of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered October 28, 2020, in index no. 152584/2019 (the first order), which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the conversion claim, unanimously reversed, on the law, without costs, and the claim reinstated. Order, same court and Justice, entered October 29, 2020, in index no. 651478/2019 (the second order), which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment claims, unanimously modified, on the law, to deny defendants' motion to dismiss the claim for unjust enrichment, and otherwise affirmed, without costs.
Plaintiff alleges that it allowed defendants to assume its Manhattan office lease and use its office equipment, furnishings, office furniture, leasehold improvements, commercial phone system, and other property located in the office. This occurred sometime in or about January 2015. Subsequently, when the parties' business relationship soured, plaintiff sent defendants a written demand dated January 29, 2019, demanding that defendants return their property. Defendants did not respond to the demand or return the property.
The facts as alleged sufficiently support the key elements of a conversion claim, which are: "1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50 [2006] [internal citations omitted]). Even where "possession of the property is originally lawful, a conversion occurs when the defendant refuses to return the property after a demand" (Matter of White v City of Mount Vernon, 221 AD2d 345, 346 [2d Dept 1995]). Moreover, the motion court's reference to "actual" ownership is incorrect because conversion is concerned with the superior right of possession of such property, not title ownership (see State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002]). Nor was plaintiff required to produce the demand letter at this juncture in the case.
The complaint addressed in the second order fails to state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing. The contract claim is based on a purported oral agreement between the parties in which defendants agreed to repay the funds that they reported to financial institutions as funds that they had collected but that were never remitted to plaintiff. Plaintiff argues that defendants agreed to those terms in exchange for its agreement to forbear commencing legal action against them. It contends that the oral agreement is further evidenced by the parties' email exchange in September 2016, in which defendants acknowledged that there was an outstanding amount of $508,055 in rental payments [*2]and stated, "[W]e [will] keep working on clearing this . . . and if anything is not recovered [we will] make up for it in the future as we have discussed and promised."
However, this purported oral agreement is not an enforceable contract, because, as the motion court found, there is no "manifestation of mutual assent to essential terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 590 [1999]). Defendants did not owe plaintiff rent in the first instance. They were merely employees of plaintiff who were responsible for collecting the rent on plaintiff's behalf. The complaint does not allege an enforceable contract between the parties, let alone one that would establish defendants as guarantors of the rental payments. The fact that defendants might have agreed to assist plaintiff in its recovery efforts does not serve to form a contract pursuant to which defendants would repay a debt that was not theirs in the first place.
The implied covenant of good faith and fair dealing cause of action fails in the absence of an enforceable contract in which the covenant would be implied (Jaffe v Paramount Communications, 222 AD2d 17, 22-23 [1st Dept 1996]). Further, if there were an enforceable contract, the implied covenant cause of action would be dismissed as duplicative of the contract cause of action because the damages claimed are the same in both (Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [1st Dept 2014]).
We find however, that the motion court erred in dismissing plaintiff's unjust enrichment cause of action, which was pleaded in the alternative to the breach of contract claim. As stated above, plaintiff alleges that defendants initially represented that they had collected the rent payments. Plaintiff later discovered that there were missing funds. Although defendants contend they did not collect the funds, plaintiff alleges that it does not know whether defendants failed to collect the rents, or whether they did collect the rents, but then failed to remit them to plaintiffs. If defendants did retain the funds that were intended for plaintiff, plaintiff has a claim for unjust enrichment because that theory imposes an obligation in equity "to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]).
Plaintiff need not prove for purposes of a pleading that defendants actually retained the funds. The fact that the funds which indisputably should have been within defendants' care are unaccounted for, is sufficient to proceed on this pleading and for discovery to go forward. We have considered plaintiff's remaining contentions and find them unavailing.
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021