MISF, LLC v Sohayegh (2025 NY Slip Op 03565)

MISF, LLC v Sohayegh

2025 NY Slip Op 03565

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-11422
 (Index No. 608367/22)

[*1]MISF, LLC, et al., appellants, 
v
Sion Sohayegh, respondent, et al., defendant.

Jaspan Schlesinger Narendran LLP, Garden City, NY (Steven R. Schlesinger, Gayle S. Gerson, and Sophia A. Perna-Plank of counsel), for appellants.
Cox Padmore Skolnik & Shakarchy LLP, New York, NY (Laleh Hawa of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated November 3, 2023. The order, insofar as appealed from, denied the motion of the plaintiff MISF, LLC, for summary judgment on the first cause of action insofar as asserted against the defendant Sion Sohayegh.
ORDERED that the appeal by the plaintiffs Gerald Rosengarten, Bijan Kaypour, Frederic S. Rosengarten, Peter S. Marx, and Gregory A. Rosengarten is dismissed, as those plaintiffs are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff MISF, LLC; and it is further,
ORDERED that one bill of costs is awarded to the defendant Sion Sohayegh payable by the plaintiffs.
The plaintiff MISF, LLC (hereinafter MISF), among others, commenced this action, inter alia, to recover damages for conversion against one of its members, the defendant Sion Sohayegh, and his counsel, the defendant Price Law Firm, LLC (hereinafter Price), alleging, among other things, that Sohayegh converted funds belonging to MISF by making wire transfers from MISF's bank account to Price's escrow account. Thereafter, MISF moved for summary judgment on the first cause of action, to recover damages for conversion, insofar as asserted against Sohayegh. In an order dated November 3, 2023, the Supreme Court, inter alia, denied the motion. The plaintiffs appeal.
"To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (Amid v Del Col, 223 AD3d 698, 700 [internal quotation marks omitted]; see Nero v Fiore, 165 AD3d 823, 825). "A claim of conversion of money is proper [*2]'when funds designated for a particular purpose are used for an unauthorized purpose'" (Amid v Del Col, 223 AD3d at 700, quoting East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1256). Here, MISF failed to establish, prima facie, that the transfer of funds by Sohayegh, a member of MISF, was unauthorized (see Ahmed v Fulton St. Bros. Realty, LLC, 107 AD3d 832, 833). Accordingly, the Supreme Court properly denied MISF's motion for summary judgment on the first cause of action insofar as asserted against Sohayegh regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court