■ In the Matter of JANA-ROCK CONSTRUCTION, INC., Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Respondent. [699 NYS2d 528] —Peters, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered August 19, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition on the ground that it was barred by a general release.

Following competitive bidding, petitioner was awarded the contract for the rehabilitation of a bridge over the Thruway in Oneida County and completed the work on December 27, 1995.* When a dispute arose regarding nonpayment, petitioner invoked an administrative dispute mechanism and was informed, by letter dated July 17, 1996, that its request for administrative review was rejected by respondent's Commis-

---

* The Commissioner of Transportation did not formally accept the work as complete until July 12, 1996.

sioner. Thereafter, respondent offered petitioner a settlement of the claim conditioned upon the execution of a general release which was ultimately signed by all parties on May 12, 1997.

On August 25, 1997, after receiving the settlement check, petitioner sent a written request to respondent for interest to be processed and paid on the settlement amounts pursuant to State Finance Law article 11-A and 2 NYCRR part 18. Upon the denial of the request, petitioner commenced this CPLR article 78 proceeding. Respondent's successful motion to dismiss the claims as barred by the general release prompted this appeal.

The general release, signed by petitioner, states, in relevant part, as follows: "[Petitioner] * * * hereby fully release[s] and discharge[s] the State of New York, [respondent] * * * from all claims, demands, accounts, contracts and liabilities of every kind or nature in law or in equity arising out of [the underlying] contract * * * or arising out of the performance of the said contract, or arising out of the completion and acceptance of the said contract, or in any other way connected with said contract, and in case any claim shall have been filed by the undersigned with the clerk of the Court of Claims for any such claim arising out of the said contract, its performance or completion and acceptance or in any other way connected with the said contract". In our view, this language is clear and unambiguous, not limited by reference to a future claim proceeding through the Court of Claims (see, Troy News Co. v City of Troy, 167 AD2d 730, 731). As the current dispute emanates from the contract "or arising out of the performance of the said contract * * * or in any other way connected with the said contract", we find that the executed general release, followed by the acceptance of the settlement payment, wholly released respondent from the nature of the claims herein asserted.

Nor do we find the statutory provisions of the Prompt Payment Act (State Finance Law § 179-d et seq.) to require a different result. While we agree that such statute provides for the payment of interest by the State within certain parameters and that a contract for work to be performed may not contain a waiver for such interest payments (see, State Finance Law § 179-l), the facts here are distinguishable. Petitioner voluntarily entered into a settlement agreement subsequent to its performance of the contract notwithstanding its right to pursue litigation and thereafter secure any and all of such sums to which it might have been entitled, statutorily or otherwise. By choosing the course of expedited settlement explicitly premised on the execution of a general release, neither the gravamen

nor the provisions of the Prompt Payment Act can be found to be implicated.

, Having further considered and rejected petitioner's remaining contentions, we affirm the judgment of Supreme Court.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs. .