■ EMORY HENNESS, Respondent, v LEONA M. HUNT, Appellant. [708 NYS2d 180] —Rose, J. Appeal from an order of the Supreme Court (Caruso, J.), entered March 2, 1999 in Schenectady County, which denied defendant's motion to dismiss the complaint for, *inter alia*, failure to state a cause of action.

Plaintiff alleges that in March 1991 he loaned defendant, his daughter, $41,627.37 to satisfy a mortgage then existing against her real property, and that the consideration for this loan was her oral promise to either make plaintiff a co-owner of said property or execute and deliver a mortgage on the premises. After defendant refused his demand that she deliver a mortgage and took the position that the funds advanced were a gift rather than a loan, plaintiff commenced an action *pro se* seeking specific performance of the alleged promise to deliver a mortgage. Plaintiff's claim was dismissed to the extent that it attempted to enforce an oral mortgage, but Supreme Court interlineated a provision in its November 3, 1997 order permitting survival of a cause of action for repayment of the alleged loan. However, plaintiff's complaint in that earlier action described the loan as having a term of 15 years and did not allege a failure to repay or request a money judgment.

One year later, plaintiff commenced this action to impose a constructive trust upon defendant's real property. Defendant moved to dismiss the complaint for failure to state a cause of action. Supreme Court denied defendant's motion, finding that plaintiff had sufficiently pleaded the elements of a constructive trust. Defendant now appeals and we affirm.

First, we note that when considering a motion to dismiss pursuant to CPLR 3211, a court must accept facts alleged in the complaint as true (*see, Maynor v Pellegrino*, 226 AD2d 883, 884-885). The court must also afford the pleading a liberal construction giving the plaintiff every favorable inference to determine " 'whether the facts as alleged fit within any cognizable theory' " (*Rickson v Town of Schuyler Falls*, 263 AD2d 863, 864, quoting *Leon v Martinez*, 84 NY2d 83, 87-88).

Next, we agree with Supreme Court that plaintiff's complaint states facts which, if proven at trial, would establish a construc-

tive trust. The elements of a constructive trust are "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (*Sharp v Kosmalski*, 40 NY2d 119, 121). However, these elements are simply guidelines and are not to be applied rigidly in pursuing the goal of preventing unjust enrichment (*see, Matter of Wieczorek*, 186 AD2d 204, 205, *lv dismissed* 81 NY2d 990). Also, this Court has held that the third element may be satisfied where the party seeking to impose the trust has no prior interest in the property but does contribute funds, time or effort to the property in reliance on a promise to share in some interest in it (*see, Lester v Zimmer*, 147 AD2d 340, 342).

In support of the motion before Supreme Court, defendant acknowledged these four elements, but argued only that the third element had not been satisfied because no transfer of an interest in any property to plaintiff ever occurred. On appeal, defendant concedes that the first and second elements have been made out but argues that the third and fourth elements are not satisfied because, respectively, plaintiff's transfer was not in reliance on a promise to share in some interest in real property and plaintiff has an adequate remedy at law in suing on the alleged loan.

In pertinent part, plaintiff's complaint asserts that funds were advanced to satisfy the mortgage against defendant's property upon the understanding that repayment would be secured, at plaintiff's election, by a mortgage against the property or by a deed making the parties tenants in common. The promised cotenancy clearly offered an ownership interest in real property, and a mortgage has long been recognized as a conveyance of an interest in real property (*see, Sleeth v Sampson*, 237 NY 69, 72; *see also, Kolbe v Projects & Joint Ventures Intl.*, 186 AD2d 988, 989). As a result, even though plaintiff elected to receive a mortgage rather than a tenancy in common, he has pleaded a transfer of funds in reliance on a promise of an interest in that property and satisfied the third element of a constructive trust.

Finally, we find that the issue of whether the complaint sufficiently states the fourth element was not preserved for appellate review because it was not presented to or ruled upon by Supreme Court (*see, Figueroa v Tso*, 251 AD2d 959). However, were we to consider it here, defendant's contention would have no merit.

While plaintiff's potential claim for repayment of the alleged loan may have survived dismissal in his earlier action, the 15-year period of repayment alleged in his earlier complaint

indicates that he has no present right to recover the amount loaned based solely on defendant's failure to repay and explains why he did not assert such a claim in the earlier action. Also, in the present action, plaintiff alleges that defendant has threatened to sell or transfer the real property. If defendant were to do so before the debt becomes due and plaintiff obtains a money judgment, there would be no property to which the judgment lien could attach. Moreover, if plaintiff were unable to prove an express promise to repay, his only recourse would be the equitable remedy of restitution, again implicating unjust enrichment. Thus, we cannot conclude as a matter of law that plaintiff has an adequate legal remedy (*see, Sutton v Sandler*, 13 NY2d 1007, 1011 [Desmond, Ch. J., dissenting]).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.