■ WILLIAM VOPELAK, Respondent, v NANCY K. TEDESCHI, Appellant. [722 NYS2d 125] —Peters, J. Appeal from an order of the Supreme Court (Nolan, J.), entered September 28, 2000 in Saratoga County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff and defendant, once married, are the sole owners, officers, shareholders and directors of Property Exchange, Inc. (hereinafter the corporation), a real estate development corporation which continued to operate after their separation. Plaintiff alleges that on October 6, 1999, he attended a foreclosure sale on behalf of the corporation seeking to bid on a parcel of real property located in the Town of Stillwater, Saratoga County. While there, plaintiff met Thomas Carringi who also planned to bid on the same property. Rather than bid against each other, Carringi agreed to having a partner in the property and thus bid the agreed-upon amount of $192,000.

After the property was sold to Carringi at the foreclosure sale, plaintiff delivered a check for half of the purchase deposit, resulting in defendant's name being added to the deed as a purchaser. While the check was drawn on the corporate checking account of a company solely owned by defendant, plaintiff

contended that the parties' customary business practice was to allow legal title to be taken in only one of their names, individually or with third parties, with the nontitled party holding a beneficial interest. According to plaintiff, the parties agreed that since defendant was more able to finance their joint share by taking an advance on her line of credit, she would do so in this instance. He would then contribute $18,000 toward the purchase price and later their combined share, which had initially been deeded to her, would be deeded to the corporation. In reliance thereupon, plaintiff tendered two checks totaling $18,000 to defendant several days before the closing. These checks, bearing a notation "for land," were deposited into defendant's checking account on November 1, 1999 and legal title to the property was thereafter conveyed to defendant and Carringi. Subsequent to the closing, plaintiff asserts that he attended meetings with the engineer retained by the parties and performed other work in furtherance of its development.

Despite a prior amicable business relationship, plaintiff contends that upon his rejection of defendant's offer of marital reconciliation, defendant refused to honor their agreement regarding his equitable interest in the property and the transfer of their 50% interest to the corporation. Plaintiff filed a notice of pendency and commenced this action to impose a constructive trust. Defendant and Carringi moved for summary judgment, dismissal of the complaint and for the cancellation of the notice of pendency.* Supreme Court dismissed both the action and notice of pendency as it pertained to Carringi, yet denied the motion for summary judgment to defendant without prejudice to renew due to its premature procedural posture. Defendant excepts from appeal that portion of the order which granted summary judgment in favor of Carringi.

In determining a motion to dismiss (*see,* CPLR 3211), the court is bound to accept the facts alleged as true and afford plaintiff every favorable inference (*see, Henness v Hunt,* 272 AD2d 756). Viewing the complaint from this perspective, we agree that it sets forth sufficient facts which, if proven, would establish a constructive trust (*see, id.*), to wit: " '(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment' " (*id.,* at 757, quoting *Sharp v Kosmalski,* 40 NY2d 119, 121).

---

* Plaintiff opposed the motion and cross-moved to disqualify defense counsel. This request was denied and no appeal was taken from that part of the order.

As to the motion for summary judgment, the focus must be upon " 'issue-finding, rather than issue-determination' " (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404, quoting *Esteve v Abad*, 271 App Div 725, 727), and with respect to each of the aforementioned guiding factors for the establishment of a constructive trust (*see, Henness v Hunt, supra*), we find an issue of fact to exist.

With scant discovery, the evidence offers dramatically differing accounts of the parties' past business practices and their involvement in the current transaction. While defendant contends that they no longer did business together after their separation due to their "divergent financial interests," she fails to explain why the corporation continued to exist, why plaintiff would agree to attend the foreclosure sale solely as her representative, or why plaintiff would transfer $18,000 by a check bearing the notation "for land" immediately prior to the closing. Representing that she could well afford to pay her half of the purchase price, her explanation of defendant's transfer of money as a personal loan to her "wholly unrelated to the property in question" seems patently disingenuous. In light of the fact that a constructive trust is an equitable remedy whereby rigid adherence to the guiding factors for its establishment is not required (*see, Simonds v Simonds*, 45 NY2d 233, 241; *Johnson v Lih*, 216 AD2d 821, 823), we agree that Supreme Court properly denied the motion at this juncture.

Having concluded that the filing of a notice of pendency was wholly proper (*see*, CPLR 6501; *Peterson v Kelly*, 173 AD2d 688, 689), as was Supreme Court's invitation for a motion seeking the cancellation thereof under certain circumstances, we affirm the order.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.