■ VENTURE SILICONES, INC., Respondent, et al., Plaintiff, v GENERAL ELECTRIC COMPANY, Appellant. [788 NYS2d 479]—

Lahtinen, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 2, 2004 in Albany County, which partially denied defendant's motion to dismiss the complaint.

Relying upon certain language in a July 2002 letter of intent signed by the parties, defendant made a preanswer motion to dismiss the complaint. In a thorough and well-reasoned decision, Supreme Court granted the motion as to plaintiff Pittsfield News Company, Inc., but denied it as to plaintiff Venture Silicones, Inc. (hereinafter plaintiff). Defendant appeals and we affirm.

At this procedural point in the litigation process, "[w]e accept the facts as alleged in the complaint as true, accord [plaintiff] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). A defense based on documentary evidence will suffice to extinguish an action at this early stage only where "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y., supra* at 326).

A letter of intent regarding a proposed business venture was signed by the parties in July 2002 and provided, in relevant part, that "[n]either party shall have any liability or obligation to the other if the transactions described herein are not consummated." Thereafter, from mid-2002 to 2003, plaintiff and defendant engaged in certain business dealings which, according to the verified complaint, resulted in plaintiff expending significant sums of money in reliance on various deceptive representations by defendant during such time. Plaintiff alleged that, even after defendant informed plaintiff that the venture would not proceed, it promised to repay plaintiff for funds expended, but then failed to do so. Plaintiff seeks to recoup the expended funds upon the equitable theories of quantum meruit, promissory estoppel and fraudulent inducement. Review of the complaint reveals adequate factual allegations to support each of these equitable theories. Plaintiff acknowledges that it is not entitled to, nor is it seeking, damages under the obligations mentioned in the letter of intent. We agree with Supreme Court that the cursory language drafted by and now relied upon by defendant—a sophisticated business entity—is not free from ambiguity (*compare Matter of Jana-Rock Constr. v New York State Dept. of Transp.*, 267 AD2d 686, 687 [1999]).

Peters, J.P., Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.