■ MARIE CINQUEMANI, Respondent, v FRANCESCO LAZIO et al., Appellants. [829 NYS2d 265]—

Rose, J. Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered June 1, 2005 in Madison County, upon a decision of the court in favor of plaintiff.

This action arises out of a disputed agreement between Giuseppe Cinquemani, who is now deceased, plaintiff, who was Cinquemani's wife, and defendants, who are husband and wife. Cinquemani was also the brother of defendant Eleanora Lazio. Defendants immigrated from Italy and established two pizzerias, one in the City of Sherrill, Oneida County, and the second in the Village of Sylvan Beach, Oneida County. Later, Cinquemani and plaintiff also immigrated from Italy, moved in with defendants and, ultimately, operated the Sylvan Beach pizzeria for more than 10 years. Following Cinquemani's death in 2003 and defendants' attempt to exclude her from the Sylvan Beach pizzeria, plaintiff commenced this action to impose a constructive trust on the business and the building in which it is located. This claim is based on, among other things, an alleged promise by defendant Francesco Lazio (hereinafter Lazio) to convey the pizzeria to Cinquemani and plaintiff. Following a nonjury trial, Supreme Court found for plaintiff and awarded her the pizzeria. Defendants appeal, and we affirm Supreme Court's findings as to each of the elements of a constructive trust.

The elements of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Moak v Raynor*, 28 AD3d 900, 902 [2006]; *Maynor v Pellegrino*, 226 AD2d 883, 884 [1996]). They are not to be rigidly applied, however, and, as an equitable remedy, a constructive trust may be imposed whenever necessary to satisfy the demands of justice (*see Henness v Hunt*, 272 AD2d 756, 757 [2000]; *Johnson v Lih*, 216 AD2d 821, 823 [1995]; *Matter of Wieczorek*, 186 AD2d 204, 205 [1992], *lv dismissed* 81 NY2d 990 [1993]; *Hornett v Leather*, 145 AD2d 814, 815 [1988], *lv denied* 74 NY2d 603 [1989]).

Here, it is apparent that there was a confidential, family relationship among the parties. Although defendants now minimize the family ties, the evidence showed that Cinquemani was Lazio's brother-in-law and that this relationship led Lazio to solicit Cinquemani to come to the United States and assist him in his pizzeria business. To this end, Lazio helped Cinquemani and plaintiff settle here, and effectively guaranteed the financing for their purchase of a home. Defendants also were godparents to two of plaintiff's children, and the parties attended family occasions such as holidays, baptisms and weddings.

Next, as to the element of promise, plaintiff, one of her sons and a disinterested former employee all testified that Lazio had promised to convey the pizzeria business and its premises after she and Cinquemani obtained their green cards and made sufficient monthly payments to equate to its value. In response, Lazio asserted that his promise was limited to permitting Cinquemani to keep the profits from the business as long as Cinquemani paid rent of $250 per week and made needed repairs. Based on its assessment of witness credibility, Supreme Court rejected Lazio's claim and found that he had made the promise alleged by plaintiff. According due deference to Supreme Court's assessment, our review discloses no basis to disturb its finding (*see e.g. Salvador v Uncle Sam Auctions & Realty, Inc.*, 30 AD3d 861, 862 [2006]; *Poli v Lema*, 24 AD3d 981, 983 [2005]).

As to the element of transfer, the question here was whether Cinquemani and plaintiff transferred something of value to defendants in reliance on Lazio's promise (*see Henness v Hunt, supra* at 757; *Booth v Booth*, 178 AD2d 712, 713 [1991]). The evidence shows that, in order to earn the pizzeria, Cinquemani and plaintiff made the requisite monthly payments to Lazio, made most of the repairs and improvements to the pizzeria premises, and did so while operating the business exclusively and continuously for more than 10 years.

As to the element of unjust enrichment, "a person is unjustly enriched when retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties" (*Hornett v Leather, supra* at 816). Here, the evidence established that Cinquemani and plaintiff met the conditions of Lazio's promise by obtaining green cards and making all the payments which he had requested. Those payments included $250 per week, which far exceeded the $500 per month rent Lazio had charged another party before entering into this arrangement. They also included additional payments intended

to cover the pizzeria's sales tax receipts, income tax withholding and workers' compensation fees. However, because Lazio never reported the income or sales taxes from the pizzeria or obtained workers' compensation coverage for its employees, Cinquemani and plaintiff derived no benefit whatsoever from those payments. The record also supports Supreme Court's findings that Cinquemani and plaintiff made payments totaling $178,250, and that this amount exceeded the $40,000 that Lazio paid for the premises in 1985, which was the only proof of the pizzeria's value. Although Supreme Court left it to the parties to settle upon the actual value of defendants' investment in the premises and to reconcile that with the payments made, the proof of payment together with the circumstances of the repair, improvement and operation of the premises by Cinquemani and plaintiff supports the court's conclusion that defendants would unfairly benefit if they were allowed to retain the pizzeria (*see Moak v Raynor, supra* at 903).

Turning to defendants' argument that testimony as to Lazio's promise should have been excluded under CPLR 4519, we agree with Supreme Court that the Dead Man's Statute (*see* CPLR 4519) presents no bar here because the testimony was not offered against anyone who had derived a property interest from, through or under the deceased (*see Poslock v Teachers' Retirement Bd. of Teachers' Retirement Sys.*, 88 NY2d 146, 151-152 [1996]). Finally, as to the claim that Supreme Court was biased, the record reveals that the court evenhandedly managed the trial and reasonably curbed the witnesses' tendency to digress (*see e.g. Douglas v Douglas*, 281 AD2d 709, 710-711 [2001]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.