■ In the Matter of Tony J. Almasy, Respondent, v Wendell B. Ward, Jr., Appellant. [862 NYS2d 193]—

Lahtinen, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 31, 2007 in St. Lawrence County, which, in a proceeding pursuant to RPAPL article 7, among other things, partially granted petitioner's motion for summary judgment.

In 1995, petitioner and his wife purchased a house in the Town of Norfolk, St. Lawrence County. Petitioner's daughter and respondent (who was the daughter's boyfriend at the time) moved into the house. According to respondent, there was an oral land contract in which he and petitioner's daughter made the mortgage and tax payments and, when the mortgage was paid, they were supposed to receive title to the property. They eventually married in 2000, but then divorced in 2001 with the judgment of divorce providing that petitioner's daughter was "granted exclusive possession of the marital residence." Shortly after the divorce, however, they commenced cohabitating again. Respondent made various repairs and improvements to the parcel, the most significant of which occurred when they

resumed cohabitating after the divorce. In 2006, petitioner's daughter moved out and, thereafter, when respondent refused to leave the premises, petitioner commenced this proceeding to recover possession of the property. Respondent asserted, among other things, that a constructive trust should be imposed to provide him with an ownership interest in the property. The case was eventually transferred to Supreme Court, which granted petitioner summary judgment on his petition to recover possession of the property. Respondent appeals.

Although the statute of frauds is a defense to respondent's contention that there was an oral land contract, that defense does not preclude imposing a constructive trust (*see Maynor v Pellegrino*, 226 AD2d 883, 884 [1996]). The equitable nature of a constructive trust permits flexibility when considering the relevant elements, which include a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Cinquemani v Lazio*, 37 AD3d 882, 882 [2007]).

Familial relationships, as well as cohabitating, often give rise to at least a factual issue regarding a confidential relationship (*see e.g. Ubriaco v Martino*, 36 AD3d 793, 793-794 [2007]; *Williams v Lynch*, 245 AD2d 715, 716 [1997], *appeal dismissed* 91 NY2d 957 [1998]; *Booth v Booth*, 178 AD2d 712, 713 [1991]; *Hornett v Leather*, 145 AD2d 814, 815 [1988], *lv denied* 74 NY2d 603 [1989]). However, respondent's relationship with petitioner at the time of the purported agreement was boyfriend to petitioner's daughter, which does not constitute a confidential one absent additional facts tending to show a confidential relationship. The further description in respondent's affidavit of his relationship with petitioner at the time of the purported agreement is not sufficient in such regard, as he merely states as follows: "I had a good relationship with [petitioner]. I went to his camp. We drank beer together and socialized regularly."

Moreover, petitioner's daughter stated in her affidavit that at no time during their divorce proceedings did respondent make any claim to an ownership interest in the subject property. Respondent did not dispute this statement and, in fact, the judgment of divorce provided for petitioner's daughter to have exclusive possession of the premises. As for work that respondent did on the premises after he and petitioner's daughter resumed cohabitating following their divorce, there is no evidence that this work resulted from any postdivorce promise by petitioner. We are unpersuaded that Supreme Court erred in finding that respondent failed to raise a factual issue regarding a constructive trust.

Nor are we persuaded that Supreme Court abused its discretion in denying respondent's request for further time to respond to petitioner's motion (*see* CPLR 2004; *Pitts v City of Buffalo*, 19 AD3d 1030, 1030 [2005]).

Cardona, P.J., Mercure, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.