■ CHARLES AUGUR, Appellant, v RAYMOND AUGUR, Respondent, et al., Defendant. [933 NYS2d 454]—

Stein, J.

Defendant Raymond Augur (hereinafter defendant) and his ex-wife, defendant Joan Augur, own a several hundred-acre farm

in the Town of Middlefield, Otsego County. Plaintiff, defendants' son, worked on the farm for approximately 26 years. The farm formerly operated as a dairy, but is now primarily engaged in the business of reselling bulk fertilizer. Plaintiff's services included, among other things, caring for livestock, planting and harvesting crops and customer service for the bulk fertilizer business. Plaintiff commenced this action seeking a constructive trust and filed a notice of pendency. Plaintiff alleges that, in exchange for his labor and in lieu of regular pay, defendant promised to give him the farm upon defendant's retirement. Defendant denies making any such promise and, after joinder of issue and limited discovery, he moved for summary judgment dismissing the complaint and canceling the notice of pendency. Supreme Court granted the motion in its entirety, finding that plaintiff had failed to create an issue of fact as to several elements of the cause of action for a constructive trust. Plaintiff now appeals.

We reverse. As the movant for summary judgment, defendant had the initial burden of making a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Here, defendant could meet this burden by establishing that plaintiff was unable to demonstrate one or more elements of a cause of action for a constructive trust. The elements of such cause of action, which are "simply guidelines . . . not to be applied rigidly in pursuing the goal of preventing unjust enrichment" (*Henness v Hunt*, 272 AD2d 756, 757 [2000]; *see Cinquemani v Lazio*, 37 AD3d 882, 882 [2007]), are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment (*see Cinquemani v Lazio*, 37 AD3d at 882; *Cleland v Thirion*, 268 AD2d 842, 844 [2000]). To establish unjust enrichment, a plaintiff must demonstrate that "(1) the other party was enriched, (2) at [the plaintiff's] expense and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Levin v Kitsis*, 82 AD3d 1051, 1053 [2011] [internal quotation marks and citation omitted]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

In support of his motion, defendant proffered, among other things, his affidavit and the affidavit of Joan Augur, in which they deny the existence of any promise to plaintiff to convey the farm and establish the absence of any fraudulent transfer or unjust enrichment. With regard to the latter, defendant alleges that plaintiff worked on the farm after graduating from high school by his own choice. He further alleges that, while plaintiff

was not paid a salary for his labor, he did receive consideration in the form of several commercial vehicles, his rent-free use of the farm property for his own fertilizer spraying business and his retention of the profits from the planting and harvesting of certain crops on the property. This evidence was arguably sufficient to shift the burden to plaintiff to establish the existence of a triable issue of fact with respect to each element of a constructive trust (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

In opposition to the motion, plaintiff submitted his own affidavit and that of his wife, who both alleged that, in reliance on defendant's promise to give the farm to plaintiff upon defendant's retirement, plaintiff had worked long hours without regular pay, procured and maintained necessary environmental permits and licenses for the fertilizer business and made substantial financial contributions in furtherance of the farm business for a period of more than 20 years, in return for which he received only a small amount of spending money and rent-free use of the farm for his own fertilizer spraying business.[1] Supreme Court found—and the parties do not dispute—that a confidential relationship existed between plaintiff and defendant. In addition, an issue of fact clearly exists as to whether defendant made a promise to plaintiff to transfer the land to him. Notably, contrary to Supreme Court's determination that plaintiff failed to establish a transfer of the property, the requirement of a transfer may be "satisfied where[, as here,] the party seeking to impose the trust has no prior interest in the property but does contribute funds, time or effort to the property in reliance on a promise to share in some interest in it" (*Henness v Hunt*, 272 AD2d at 757).

In our view, plaintiff has also raised a triable issue of fact as to the element of unjust enrichment. Although it is undisputed that plaintiff received some consideration for his services, his affidavit is sufficient to raise factual questions as to the value of his labor and financial contributions to the farm relative to the consideration received and, thus, as to whether it would be unjust for defendant to retain the benefit of those contributions (*see Vopelak v Tedeschi*, 281 AD2d 809, 811 [2001]).[2] Accordingly, summary judgment dismissing the complaint should not

---

1. Although plaintiff also refers to his receipt of a $60,000 home constructed on the farm property, he claims to have paid defendant for this home over time through his efforts in the bulk fertilizer business and by planting and harvesting a corn crop without retaining any profits.

2. In view of the general rule that pleadings are to be liberally construed (*see* CPLR 3026; *Adirondack Park Agency v Ton-Da-Lay Assoc.*, 61 AD2d 107, 110 [1978], *lvs dismissed* 45 NY2d 710, 834 [1978]), we also disagree with

have been granted and the lis pendens filed by plaintiff should not have been canceled (*see generally Guzzo v Easterntech Elecs.,* 86 AD2d 717, 718 [1982]).

Defendants' remaining contentions have been considered and are found to be without merit.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and lis pendens reinstated.

defendant's argument that defendant's unjust enrichment was not alleged in the complaint.