◼ In the Matter of the Estate of GEORGE W. JACOBS, JR., Deceased. MARGARET MARY BRADWELL, as Executor of GEORGE W. JACOBS, JR., Deceased, Respondent; RICHARD C. JACOBS, Appellant. [939 NYS2d 639]—

Kavanagh, J. Appeal from an order of the Surrogate's Court of Rensselaer County (Hummel, S.), entered November 10, 2010, which granted petitioner's motion for summary judgment dismissing respondent's objections to petitioner's accounting.

In July 2002, decedent named petitioner—his sister—as the executor of his will and gave her a power of attorney.* The will designated petitioner, respondent—decedent's brother—and two other individuals—decedent's nephew and cousin—as residual legatees of decedent's residuary estate. When decedent died in 2007, petitioner submitted a final accounting of the estate, indicating that the assets subject to probate consisted primarily of real property valued at approximately $93,000. The accounting also identified certain non-testamentary assets in decedent's estate—bank accounts and a life insurance policy—that passed to petitioner by operation of law and were valued in excess of

---

* A prior will also designated petitioner as executor of decedent's estate.

$1.3 million. Respondent filed objections to this accounting claiming that a constructive trust existed in connection with these nontestamentary assets, and that the funds in these bank accounts and the proceeds from the life insurance policy should be subject to the provisions of decedent's will and be included in the probate estate. Surrogate's Court subsequently granted petitioner's motion for summary judgment dismissing respondent's objections, and this appeal ensued.

Respondent argues that a confidential relationship existed between petitioner and decedent that resulted in the creation of these financial instruments, and that promises made by petitioner to decedent as to the disposition of the funds contained in these accounts after his death have not been kept. As a result, respondent maintains that a constructive trust should be imposed on these assets and that they should be included in the probate estate. We disagree. "A constructive trust is a fraud-rectifying remedy which may be imposed where a party, because of a confidential relationship, transfers property in reliance upon a promise of another which is later breached, resulting in unjust enrichment" (*Matter of Grancaric*, 91 AD3d 1104, 1107 [2012] [internal quotation marks, citations and emphasis omitted]; *see Salatino v Salatino*, 64 AD3d 923, 924 [2009], *lv denied* 13 NY3d 710 [2009]; *Matter of Almasy v Ward*, 53 AD3d 946, 947 [2008]; *Cinquemani v Lazio*, 37 AD3d 882, 882-883 [2007]; *Matter of Urdang*, 304 AD2d 586, 586 [2003]). To prove the existence of a constructive trust, respondent must present evidence that a confidential relationship existed between petitioner and decedent that resulted in petitioner being designated as the beneficiary of both the funds in these bank accounts and the proceeds of this life insurance policy.

Here, all agree that decedent routinely handled his finances and independently decided how they would be maintained and administered. No evidence has been presented that decedent relied on petitioner's counsel when he decided to fund these bank accounts and take out this life insurance policy. While respondent argues that decedent's decision to give petitioner a power of attorney is indicia of the existence of such a relationship, this instrument was only used by petitioner to pay bills incurred by decedent in the time period immediately prior to his death. Also, simply because decedent and petitioner were related does not, absent more, serve to create a question of fact as to whether such a confidential relationship did indeed exist (*see Matter of Almasy v Ward*, 53 AD3d at 947).

Furthermore, even if one were to assume that such a rela-

tionship existed, a constructive trust will only be imposed if decedent had created these financial instruments in reliance upon representations and promises made by petitioner in the context of that relationship, and those representations and promises have since been breached. In that regard, respondent refers to statements attributed to petitioner indicating that these bank accounts were created by decedent so that funds would be available for nursing home care if he needed it. However, decedent did not enter a nursing home prior to his death, and the need to use these funds for this purpose never arose. More importantly, none of the funds in question were transferred to petitioner prior to decedent's death, nor has any evidence been presented that petitioner made promises or commitments to decedent regarding these funds and how they would be dispersed after his death.

Finally, no argument has been made that decedent lacked the mental capacity to make decisions regarding his finances at any time prior to his death, nor has it been shown that he was subject to undue influence or duress when he decided to designate petitioner as the beneficiary of this life insurance policy and the trustee of these bank accounts (compare Oakes v Muka, 69 AD3d 1139, 1141-1142 [2010], appeal dismissed 15 NY3d 867 [2010]; see Cinquemani v Lazio, 37 AD3d at 882). Also, since the proceeds from these assets passed to petitioner by operation of law upon decedent's death, respondent's claims regarding conversion and breach of fiduciary duty were properly dismissed (see EPTL 7-5.2 [4]).

Mercure, A.P.J., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.