■ Peter John Enzien, Respondent, v Margaret E. Enzien, Appellant. (And a Third-Party Action.) (And Another Related Action.) [946 NYS2d 291]—

Peters, P.J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 12, 2011 in Rensselaer County, which, among other things, partially denied defendant's motion for summary judgment dismissing the complaint.

In June 2005, facing imminent eviction from his residence due to a tax foreclosure proceeding, plaintiff executed a contract and deed transferring certain commercial property located on Second Street in the City of Troy, Rensselaer County to defendant, his daughter. The $83,881.28 purchase price for the property consisted of (1) $15,000 in the form of debt forgiveness for a loan that defendant made to plaintiff in 2003, (2) $14,146.78 for payment of a tax lien against the property, (3) defendant's assumption of a $32,734.50 mortgage on the property, and (4) a cash payment of $22,000 to plaintiff to pay off the tax liens against his personal residence.

Thereafter, alleging that he had transferred title of the property to defendant only as security for the funds loaned to him, not as an outright sale, plaintiff commenced this action seeking, among other things, to impose a constructive trust on the property.* Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court partially denied the motion, finding that plaintiff raised issues of fact as to each element of the cause of action for a constructive trust. Defendant appeals.

"A constructive trust will be imposed where one party holding title to property is under an equitable duty to convey it to another" (*Janke v Janke*, 47 AD2d 445, 447-448 [1975], *affd* 39 NY2d 786 [1976] [citation omitted]; *see Leire v Anderson-Leire*, 22 AD3d 944, 945 [2005]; *Terrille v Terrille*, 171 AD2d 906, 907 [1991]). The elements needed to establish a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Augur v Augur*, 90 AD3d 1111, 1112 [2011]; *Salatino v Salatino*, 64 AD3d 923, 924 [2009], *lv denied* 13 NY3d 710 [2009]; *Cleland v Thirion*, 268 AD2d 842, 844 [2000]). These elements, however, "are simply guidelines and are not to be applied rigidly in pursuing the goal of preventing unjust enrichment" (*Henness v Hunt*, 272 AD2d 756, 757 [2000]; *see Matter of Almasy v Ward*, 53 AD3d 946, 947 [2008]; *Cinquemani v Lazio*, 37 AD3d 882, 882 [2007]; *Moak v Raynor*, 28 AD3d 900, 902 [2006]).

As to the first element, "[f]amilial relationships . . . often give rise to at least a factual issue regarding a confidential relationship" (*Matter of Almasy v Ward*, 53 AD3d at 947; *see Sharp*

---

* Plaintiff also commenced an action against his son, Peter G. Enzien, who manages the property and leases the commercial space located on the ground floor, for engaging in a fraudulent scheme and plan with defendant to procure the deed from plaintiff. The issues with respect to that action are not involved in this appeal.

*v Kosmalski,* 40 NY2d at 121; *Williams v Lynch,* 245 AD2d 715, 716 [1997], *appeal dismissed* 91 NY2d 957 [1998]). While defendant averred that she no longer trusted plaintiff with regard to business dealings based upon past transgressions, including plaintiff's failure to repay a prior loan, plaintiff explained that he had the money to repay her on several occasions but that defendant gave him permission not to pay her back so that he could use the funds in other ways. Plaintiff testified further that, with regard to the transaction at issue here, it was defendant who suggested that he give her the deed to the property as security and that he acceded to his daughter's requirement out of "total trust." Under these circumstances, a genuine issue of fact remains as to the existence of a confidential relationship between the parties (*see Williams v Lynch,* 245 AD2d at 716; *compare Matter of Almasy v Ward,* 53 AD3d at 947).

Next, with respect to whether a transfer was made in reliance upon a promise, plaintiff testified that the deed was given to defendant as security for the loan and that defendant expressly promised to reconvey the property to him upon repayment. Although defendant steadfastly denied the existence of any agreement other than a direct sale of the property, and neither the deed nor the contract indicates that the property was being transferred as security for a loan, plaintiff's account of the transaction is supported by the testimony of Jeffrey Francisco, defendant's counsel in the real estate transaction. In that regard, Francisco explained that he and defendant discussed the options available in order to achieve the immediate goal of providing liquidity to plaintiff, including taking a mortgage on the property. He testified that he advised defendant that it would be safer to have plaintiff formally pass title of the property to defendant because if plaintiff did not pay her back, "she would be in a clear superior status than a mortgagee, she would hold the title." Francisco also testified that it was his understanding that plaintiff believed that defendant would reconvey the property to plaintiff upon repayment. Moreover, the evidence submitted on the motion revealed that, for approximately nine months after the transaction, plaintiff continued to receive rental income from the property, which is consistent with his claim that his transfer of the property was not a true sale. Given this conflicting evidence, it is for a jury to determine whether defendant promised to hold the property as security for the loan and whether plaintiff transferred the property in reliance on such a promise (*see Augur v Augur,* 90 AD3d at 1113; *Moak v Raynor,* 28 AD3d at 903).

Finally, regarding the element of unjust enrichment, " 'a

person is unjustly enriched when retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties' " (*Cinquemani v Lazio*, 37 AD3d at 883, quoting *Hornett v Leather*, 145 AD2d 814, 816 [1988], *lv denied* 74 NY2d 603 [1989]). In support of her claim that she was not unjustly enriched, defendant proffered a deed indicating that plaintiff sold a comparable property for $100,000 just six months prior to the transaction. Defendant also submitted proof that, in addition to the $83,881.28 contract price, the property at issue had approximately $33,000 in structural damage and that she had to assume an additional, previously unrecorded mortgage for approximately $18,000. As plaintiff correctly notes, however, defendant was aware of the structural repair costs prior to the transfer of the property, and Francisco testified that he was aware of the unrecorded mortgage on the property prior to the transaction. Moreover, the evidence submitted by plaintiff in opposition to the motion established that, in connection with defendant's application for a $140,000 mortgage, the property was appraised for $300,000. In light of this evidence and the parties' competing versions of the transaction, a question of fact as to unjust enrichment is clearly presented (*see Booth v Booth*, 178 AD2d 712, 714 [1991]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment dismissing the constructive trust claim.

Mercure, Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.