Rose, J.P.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered October 30, 2012 in Rensselaer County, upon a decision of the court in favor of defendant.
Plaintiff, who owned homes in Florida and Rensselaer County, sought to purchase a summer home on Lake Champlain. He enlisted defendant, his adult son, to assist him, establishing a bank account in defendant’s name alone and transferring various sums of money into it. When, after two years, plaintiff could find no suitable lake house, he suggested that defendant invest the accumulated amount of over $170,000 in mutual funds. The parties later had a falling out after defendant was arrested in July 2010 and charged with felony drug possession and sale. Plaintiff was concerned that the money would be seized by the government in connection with defendant’s drug arrest and demanded that it be returned to him. When defendant refused, plaintiff commenced this action seeking to impose a constructive trust. After a nonjury trial, Supreme Court ruled in defendant’s favor, concluding that plaintiff failed to establish either the existence of a confidential relationship or that defendant made a promise to induce plaintiff to transfer the funds. We affirm.
Plaintiff failed to establish the necessary elements of a constructive trust, which include a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Enzien v Enzien, 96 AD3d 1136, 1137 [2012]; Henness v Hunt, 272 AD2d 756, 757 [2000]). Although plaintiff contends that there was a relationship of trust at the time the money was given to defendant based on the familial relationship and plaintiffs belief that, despite his criminal history, defendant had turned his life around, this argument is contradicted by plaintiffs own testimony that he and defendant were “never too friendly,” his relationship with defendant was “at arm’s length” and he felt defendant was “always . . . hiding something from me.” Furthermore, there was no indication that defendant attempted to take advantage of plaintiff’s trust by encouraging the transfer or that plaintiff was under defendant’s influence in any way. The record supports Supreme Court’s *902 finding that the idea of buying a lake house was eventually abandoned and the money was given to defendant for placement in a mutual fund account in his name alone by plaintiff, who had significantly more education, business and financial experience than defendant.
We must also agree with Supreme Court that the credible evidence does not support the existence of an implied promise to return the money to plaintiff. Plaintiffs daughter testified that plaintiff himself told her about the money and indicated that defendant would share it with her equally and that it was for their retirement. The daughter, who had a good relationship with plaintiff, testified that she viewed the money as a gift to be shared with her brother and saved for their retirement. Despite plaintiffs claim that defendant was merely holding the money with the understanding that it would be returned whenever plaintiff needed it for the purchase of a lake house, the broker who set up the mutual fund account testified that he met with plaintiff and defendant, he understood the money to belong to defendant and he would not have recommended mutual funds as an investment vehicle unless he understood that the intent was to invest the money for at least 5 to 10 years. Based upon our review of the probative evidence, and giving appropriate deference to Supreme Court’s credibility determinations, we find no basis to disturb the court’s determination (see Salatino v Salatino, 64 AD3d 923, 924-925 [2009], lv denied 13 NY3d 710 [2009]; Cinquemani v Lazio, 37 AD3d 882, 883 [2007]; Wilcox v Wilcox, 233 AD2d 565, 566 [1996]).
Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.