Garry, J.
Appeal from that part of an order of the Supreme Court (Muller, J.), entered September 18, 2012, which denied defendants’ motion to dismiss the amended complaint.
Plaintiff, a supplier of sand and gravel, commenced this action alleging that it entered into a partnership with defendant Willi Kalvaitis (hereinafter defendant) in 2004, for the purpose of developing a limestone quarry on defendant’s property in the Town of Chazy, Clinton County, and that in 2011, after plaintiff had expended significant efforts and resources developing and managing the quarry business, defendant changed the locks to the property and refused plaintiff further access. The complaint sought dissolution and an accounting of the partnership, the imposition of a constructive trust on the quarry business and property and, in the alternative, recovery in quantum meruit.* As pertinent here, defendants moved to dismiss the amended complaint in its entirety on several grounds {see CPLR 3211 [a] [1], [3], [5], [7]). Supreme Court denied the motion, and defendants appeal.
While this appeal was pending, defendants moved for leave to reargue the order denying their motion to dismiss. In November 2013, Supreme Court granted leave to reargue, determined that it had erred in its prior order by refusing to dismiss the causes *1291 of action for dissolution and an accounting of the partnership, and dismissed those causes of action. Accordingly, defendants have received the relief requested with respect to these causes of action, and that part of their appeal has been rendered moot (see Njoku v City of New York, 280 AD2d 283 [2001]; see generally Matter of Neeley v Town of Colonie, 79 AD3d 1560, 1561 [2010]). As Supreme Court adhered to its original determination relative to the causes of action for imposition of a constructive trust and quantum meruit, however, that aspect of defendants’ appeal is unaffected (see CPLR 5517 [a] [1]).
Supreme Court correctly denied the motion to dismiss the cause of action seeking to impose a constructive trust on the business property. This equitable remedy may be imposed “when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest” (Sharp v Kosmalski, 40 NY2d 119, 121 [1976] [internal quotation marks, brackets and citation omitted]; see Matter of Jacobs, 93 AD3d 917, 918 [2012]). To prove entitlement to this relief, a plaintiff must establish “a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment” (Enzien v Enzien, 96 AD3d 1136, 1137 [2012]; see Cinquemani v Lazio, 37 AD3d 882, 882 [2007]). The element of transfer has been interpreted to include the expenditure of effort and resources in reliance upon a promise to share in a property interest (see Moak v Raynor, 28 AD3d 900, 902 [2006]; Henness v Hunt, 272 AD2d 756, 757 [2000]).
Here, the complaint alleges that plaintiff had a confidential or fiduciary relationship with defendant, that defendant made promises that plaintiff and defendant had a partnership and that plaintiff had vested rights and interests in the quarry business and property, that plaintiff relied on these promises and the fiduciary relationship in contributing resources to develop the business, and that defendant breached these promises and would be unjustly enriched in the absence of a constructive trust. Deeming these allegations to be true, construing them liberally, and granting plaintiff the benefit of every favorable inference, as we must (see Delaware County v Leatherstocking Healthcare, LLC, 110 AD3d 1211, 1213 [2013]), we find that the amended complaint adequately states a cause of action for the imposition of a constructive trust (see Vopelak v Tedeschi, 281 AD2d 809, 810 [2001]; Henness v Hunt, 272 AD2d at 756-757; Maynor v Pellegrino, 226 AD2d 883, 884-885 [1996]).
The cause of action in quantum meruit requires a showing of “a plaintiffs performance of services in good faith, acceptance *1292 of those services by a defendant, an expectation of compensation and proof of the reasonable value of the services provided” (DerOhannesian v City of Albany, 110 AD3d 1288, 1292 [2013], lv denied 22 NY3d 862 [2014]; see Thomas J. Hayes & Assoc., LLC v Brodsky, 101 AD3d 1560, 1561 [2012], lv denied 21 NY3d 851 [2013]). The complaint alleges that plaintiff acted in good faith and in the expectation of compensation in making the previously-discussed contributions to the business, that defendant accepted its services and contributions, and that plaintiff has been damaged in the amount of the reasonable value of its contributions. Plaintiff further submitted the affidavit of its principal (see CPLR 3211 [a] [7]; Leon v Martinez, 84 NY2d 83, 88 [1994]), alleging that plaintiff contributed more than $200,000 toward the business as well as all of the knowledge, labor, equipment and other resources necessary for its development, that a substantial amount of processed material that it had paid to create remained on the property when plaintiff was locked out in 2011, and that defendants have continued to benefit from plaintiffs contributions thereafter by selling materials from the business without compensating plaintiff accordingly. Thus, despite defendants’ contention that plaintiff’s services were performed primarily for its own benefit, we agree with Supreme Court that the complaint states a cause of action in quantum meruit (see Venture Silicones, Inc. v General Elec. Co., 14 AD3d 924, 925 [2005]; see also Goldstein v Derecktor Holdings, Inc., 85 AD3d 728, 728-729 [2011]).
Lahtinen, J.E, McCarthy and Egan Jr., JJ, concur. Ordered that the appeal from that part of the order denying defendants’ motion to dismiss the first and second causes of action is dismissed, as moot, without costs. Ordered that the part of the order denying defendants’ motion to dismiss the third and fourth causes of action is affirmed, without costs.

 Plaintiff amended the complaint as of right to add defendant Barbara Kalvaitis, defendant’s wife and a co-owner of the business.