# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 26, 2015                    518430
_____

MARITA E. HYMAN,
                    Appellant,

        v
                                          MEMORANDUM AND ORDER
SUSAN BURGESS,
                    Respondent.
_____

Calendar Date:  January 7, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


        Marita E. Hyman, West Edmeston, appellant pro se.

        Susan Burgess, Hamilton, Ohio, respondent pro se.

                    _____


Devine, J.

        Appeals (1) from an order of the Supreme Court (Cerio Jr.,
J.), entered May 2, 2013 in Madison County, which, among other
things, denied plaintiff's motion to dismiss defendant's
counterclaims, and (2) from an order of said court, entered
September 30, 2013 in Madison County, which, among other things,
granted defendant's cross motion to dismiss plaintiff's amended
complaint.

        Plaintiff retained defendant, a licensed attorney, to
represent her in various legal matters, including perfecting
appeals in a CPLR article 78 proceeding and an action pursuant to
Title IX (see 20 USC § 1681 et seq.) that had been commenced
against Cornell University by plaintiff's previous attorneys.
Having grown discontent with defendant's services, plaintiff
terminated defendant and subsequently commenced this action for
negligent infliction of emotional distress and legal

malpractice.[1]  Defendant served an answer containing counterclaims of breach of contract, quantum meruit and unjust enrichment.  Thereafter, plaintiff moved to dismiss the counterclaims, which motion Supreme Court denied.  Four months later, the court granted defendant's cross motion to dismiss plaintiff's amended complaint.  Plaintiff appeals from both orders.

Plaintiff first asserts that Supreme Court erred in denying her motion to dismiss defendant's counterclaims.  A motion to dismiss for failure to state a cause of action can be granted only where the facts alleged do not "fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Lewis v DiMaggio, 115 AD3d 1042, 1043 [2014]; Brooks v Key Trust Co. N. A., 26 AD3d 628, 629-630 [2006], lv dismissed 6 NY3d 891 [2006]).[2]  As to defendant's breach of contract counterclaim, she alleged that the parties executed enforceable retainer agreements, defendant performed professional services under those agreements and plaintiff failed to perform, thereby causing defendant to sustain damages.  Affording defendant's counterclaims a liberal construction, accepting the allegations as true and giving defendant "the benefit of every possible inference," we determine that she has stated a viable cause of action against plaintiff for breach of contract (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Torok v Moore's

---

[1]  This Court decided an appeal in a similar action that plaintiff had commenced against her former attorneys in the CPLR article 78 proceeding and federal Title IX action (Hyman v Schwartz, 114 AD3d 1110 [2014], lv dismissed 24 NY3d 930 [2014]).

[2]  To the extent that plaintiff demanded the dismissal of defendant's counterclaims pursuant to CPLR 3211 (a) (1), we find that, because the record does not contain documentary evidence that "utterly refutes" defendant's allegations, Supreme Court properly denied plaintiff's motion on this particular ground (Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855 [2011]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).

Flatwork & Founds., LLC, 106 AD3d 1421, 1422 [2013]).  However, with regard to defendant's counterclaim that plaintiff was unjustly enriched by her refusal to remit necessary payments for the legal services and related expenses that defendant provided, the assertions raised in defendant's breach of contract counterclaim echo this equitable claim and, therefore, it must be dismissed (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]; Samiento v World Yacht Inc., 10 NY3d 70, 81 [2008]).

Defendant's counterclaim of quantum meruit "requires a showing of 'a [party]'s performance of services in good faith, acceptance of those services by [the other party], an expectation of compensation and proof of the reasonable value of the services provided'" (Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291-1292 [2014], quoting DerOhannesian v City of Albany, 110 AD3d 1288, 1292 [2013], lv denied 22 NY3d 862 [2014]). Accepting defendant's allegations as true, namely that she provided plaintiff with legal services, in good faith and with the understanding that payment would be remitted, and that such services were accepted by plaintiff without the provision of due compensation, we find that defendant stated a cognizable equitable claim for quantum meruit (see Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d at 1291-1292; Venture Silicones, Inc. v General Elec. Co., 14 AD3d 924, 925 [2005]).

Turning our attention to defendant's cross motion seeking dismissal of the amended complaint, we conclude that Supreme Court properly dismissed plaintiff's legal malpractice cause of action on the merits.  "'In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action "'but for'" the attorney's negligence'" (Leder v Spiegel, 9 NY3d 836, 837 [2007] cert denied sub nom Spiegel v Rowland, 552 US 1257 [2008], quoting AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]; accord Hyman v Schwartz, 114 AD3d at 1112; see Kaufman v Medical Liab. Mut. Ins. Co., 121 AD3d 1459, 1460 [2014]).  Although plaintiff maintains that defendant's professional competence was deficient and failed to conform with

the requirements of the parties' retainer agreements, she does not allege, to any degree, that defendant's purported shortcomings precluded her success in the litigation at issue or caused her to sustain ascertainable damages (see Arnold v Devane, 123 AD3d 1202, 1204 [2014]; MacDonald v Guttman, 72 AD3d 1452, 1455 [2010]; Tabner v Drake, 9 AD3d 606, 610 [2004]).  Having failed to plead an essential element of a legal malpractice cause of action, Supreme Court properly granted defendant's motion to dismiss this claim (see Hyman v Schwartz, 114 AD3d at 1112; compare Snyder v Brown Chiari, LLP, 116 AD3d 1116, 1116-1117 [2014]; Alaimo v McGeorge, 69 AD3d 1032, 1034 [2010]).  Likewise, the court's dismissal of plaintiff's claims sounding in, among other things, unjust enrichment, breach of contract and breach of fiduciary duty — all of which were encapsulated within and entirely duplicative of plaintiff's legal malpractice cause of action — was correct (see Adamski v Lama, 56 AD3d 1071, 1072-1073 [2008]; Guiles v Simser, 35 AD3d 1054, 1055 [2006]).

Those remaining arguments that have not been expressly discussed herein have been considered and found to be without merit.

Lahtinen, J.P., Garry and Rose, JJ., concur.

ORDERED that the order entered May 2, 2013 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss defendant's unjust enrichment counterclaim; motion granted to that extent and said counterclaim dismissed; and, as so modified, affirmed.

ORDERED that the order entered September 30, 2013 is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court